Nash, J.
 

 From the wording of the acts, it might well be doubted what was the expectation of the Legislature, as to the fund out of which this tax was to be paid : whether out of the general corporate funds, or out of the dividends of profits, arising from the stockholders by the individual stock-holders, to the exemption of the stock owned by the State ; in other words, whether the State, as a joint corporation, was bound to bear any portion of this burthen. We are of opinion, that the construction given to the contract, by the parties, and under which the tax has been heretofore paid by the Bank and received by the State, is the true one. Where, by the penning of a statute, its meaning is rendered doubtful, long usage is a just medium, by which to expound it; upon the maxim that
 
 the jus et norma loquendi
 
 are governed by usage.
 
 Shepard
 
 v.
 
 Gosnold,
 
 Vaug. Rep. 109. This rule governs in the construction of the fundamental law of the land, the Constitution of the United States. A cotemporary exposition practised and acquiesced in for a period of years — fixes the
 
 construction
 
 — Stewart v.
 
 Laird,
 
 1 Cranch. 299. But if such usage is contrary to the obvious meaning of the words of the Act, it is not to be regarded.
 
 Dwarris’ St.
 
 703.
 
 Vaugh supra.
 
 This is also a rule in the construction of contracts. For near sixteen years, the tax hag
 
 *73
 
 been paid by the Bank, out of the corporate funds, and not out of the profits, accruing to the individual stockholders from their stock. This then is a cotemporaneous exposition, made by the parties themselves, and, unless shown to be contrary to the obvious intention of the legislature, must be considered the proper one. After such an. acquiescence, the labouring oar is upon the State, to show it is wrong.
 

 A similar question to the present arose, upon the 11th sec. of the charter, granted by the State to the Cape Fear Bank, in the year 1814. That sec. is “ a tax of one per cent, per annum shall be levied on all the stock holders in said Bank, except on the stock holden by the State, which shall be paid to tbe Treasurer of the State, by the President or Cashier of the Bank, on or before the first day of October, in each and every year.” The State complained then, as she does now, that the tax had been paid, but in the account kept by the officers of the Bank, it was charged, not against the individual stockholders, in respect of their stock, but against the whole corporation ; whereby, in the dividends of profits, the State was made to bear its proportion of the tax. This was alleged to be erroneous, and the information sought to rectify the accounts, and for other purposes. In deciding the ease, it was necessary for the Court to put upon the 11th clause, such a construction as they thought it required.
 
 State v. Bank of Cape Fear,
 
 1 Dev, & Bat. Eq. 216. In the exposition of the clause, the same questions presented themselves as here. “The doubt is, say the Court, whether, on the wording of the charter, the tax is payable by the corporation, out of the common fund, the number of private shares being the measure of the tax; or whether it is payable out of the private shares only.” The decision is, that the tax was payable out of the common fund. In the charter of 1833, the phraseology of the taxing clause is very little varied. There is nothing in it, authorising a different exposition. The material differences are, that
 
 *74
 

 by the
 
 charter of 1814, the tax was one per cent, per annum, to be
 
 levied
 
 on all the stock holden by private individuals; in the charter
 
 of
 
 1833, the tax is twenty-five cents on each share of stock owned by individuals. And in each it is to be paid annually by the President or Cashier of the Bank; and in neither is there any provision made, as to
 
 the
 
 distinct fund, out
 
 of
 
 which the officers of the Bank are to make it. All the reasons which led the Court to the conclusion, to which they came in the former case, as the appropriate fund, apply with equal force. There is, in the charter of 1833, the same want of explicitness, and, here, as in the case referred to, the effort is to throw upon
 
 the
 
 individual corporators, a burthen imposed upon the corporation itself, as a whole. Although this may be done by the legislature on
 
 granting
 
 the charter, the enactment must be clear. We are aided in our construction in the present case, by the charter granted at the same session to the Bank of the State of North Carolina, in which there is an explicit clause upon this subject. The 13th sec. says expressly, that “
 
 each share
 
 owned by individuals shall be subject to the annual tax of 25 cents, which shall be reserved out of the profits, as they accrue, by the Cashier and placed to the credit of the State.” That shows, that the tax on each share is dependant on the profits of it; so that when there are no profits, there is no tax. But in the charter of the Bank of Cape Fear, the tax is payable at all events, and no fund is specified out of which it is to be paid, and it is added .in the taxing clause, “that the said Bank shall not be liable to any further tax,” which shows it was.a common charge upon the corporate funds. The rule adopted by the defendants, as soon- as it went into operation, was in conformity to this opinion, and has been acquiesced in by the State, through its officers ever since, until the filing of this information.
 

 Per Curiam.
 

 The information is discharged»