## IDA L. LUPTON v. SILAS LUPTON.

*Description — Parol Evidence to Assist Description—*
*Identification.*

Where the assignment to a widow of her year's support from her
husband's estate included "one-half of boat," and it was
proved in an action relating to the title thereto that her
husband was interested in but one boat; *Held*, that such
assignment was not void, and parol evidence was admissible
to identify the boat as the one in which the husband had a
half interest.

SPECIAL PROCEEDING, begun before the Clerk of the
Superior Court of CARTERET county, for the sale for par-
tition of a boat, described in the petition. One issue, as
to title, was raised, and being transferred to Term for trial,
was heard before *Boykin, J.*, and a jury, at Fall Term,
1894, of CARTERET Superior Court. These facts suffi-
ciently appear in the decision of Chief Justice FAIRCLOTH.
From a judgment for the plaintiff, defendant appealed.

*Messrs. Simmons, Gibbs & Pearsall*, for plaintiff.
*Mr. N. J. Rouse*, for defendant (appellant).

FAIRCLOTH, C. J.: The plaintiff, Ida L. Lupton, filed a
petition for sale and division of the proceeds of a certain
boat, "Dolly," alleging that she and defendant were ten-
ants in common of the boat, which was denied by defend-
ant. In the assignment of plaintiff's year's allowance
from her former husband's estate, one of the items was "one-
half of boat," and defendant insisted that that part of the
assignment was void for want of better description and
that no title passed. It was proved that the boat "Dolly"
was the only boat in which her husband had any interest
at his death. His Honor admitted the assignment in evi-

MARCUS *v.* BERNSTEIN.

dence and heard oral testimony as to the identity of the boat, and defendant excepted and appealed.

The evidence was competent. *Spivey* v. *Grant*, 96 N. C., 214; *Phillips* v. *Hooker*, Phil. Eq., 194. These cases are distinguishable from *Blakely* v. *Patrick*, 67 N. C., 40, where there were more than ten buggies, and the ten could not be identified.

No error and the judgment is affirmed.

Affirmed.