R. B. PEEBLES v. W. TAYLOR, et al.

*Tax Deed— Validity.*

Under Section 77, Acts of 1889, a tax deed made in pursuance of a sale of land for taxes listed in the name of a person other than the rightful owner, is not void if the land be in other respects sufficiently described.

CIVIL ACTION, for the recovery of a tract of land containing 350 acres, tried at Fall Term, 1895, of NORTHAMPTON

Superior Court before *Boykin, J.*, and a jury.   There was a verdict for the defendants and from the judgment thereon the plaintiff appealed.   The facts are stated in the opinion of Chief Justice FAIRCLOTH.

*Messrs. R. O. Burton* and *B. M. Gatling*, for plaintiff (appellant).

*Messrs. MacRae* and *Day*, for defendant.

FAIRCLOTH, C. J. :   The law of this State for the assessment of property and the collection of taxes was materially changed by the act of 1889, ch. 218, now found in the act of 1895, ch. 116.   In the former, Section 72, and in the latter, Section 66, it is enacted that the sheriff's deed to a purchaser of land sold for taxes shall be *presumptive* evidence, in all courts of the State, of certain facts therein enumerated, and shall be *conclusive* evidence of other facts therein stated.   In Section 77 of the first named act, and Section 71 of the second, it is declared :   " No sale of real property for taxes shall be considered void on account of the same having been charged in any other name than that of a rightful owner, if the said property be in other respects sufficiently described."   With the policy of this or any act, this Court has nothing to do.   It can only declare the meaning of such acts as they are recorded.   ·

In the case before us, the plaintiff claims title under a sheriff's deed as purchaser at a tax sale, made on the 4th of May, 1891, for taxes for 1890, deed dated October 3, 1892.

Defendants claim under a trust deed made by Etheridge and Brooks, dated in 1889 and registered in 1894.   The land was listed in 1888 and in 1889 in the name of Etheridge and Brooks, and the taxes paid.   In 1890 the county commissioners listed the land as Etheridge and Brooks', under which listing the sheriff sold for taxes of 1890.

PEEBLES *v.* TAYLOR.

When the evidence was introduced on the trial, his Honor held that the Legislature had no power to authorize the sale for taxes of Marshall's land, when it was listed as the lands of Etheridge and Brooks and advertised the same way, and directed the jury to answer the first issue "No." Plaintiff excepted and appealed. This is the only question before us. The same question was recently before us in *Moore* v. *Byrd*, at this Term (*post*) and in *Sanders* v. *Earp*, at this Term (*post*), and it was held that the deed was *prima facie* evidence of title and that the plaintiff was entitled to recover in the absence of evidence of the defendant's title. The land was sold as the property of Riddle, with whom the defendants had no privity. These cases dispose of the present.

During the argument the defendant's counsel discussed the constitutionality of the conclusive section of the above acts and referred to some eminent authorities in support of his view. We find the question is not presented in the record, and we are not at liberty to consider it, and we have no disposition to do so until it is presented, and upon fuller argument and more mature consideration. The question is a grave and important one.

Error.