## W. C. HOLMAN v. JAMES WHITAKER.

*Chattel Mortgage—Vague and Uncertain Description—Patent Ambiguity—Parol Evidence.*

A description in a chattel mortgage of the property conveyed as "a one-horse wagon," the mortgagor having at the time of making the mortgage four one-horse wagons, is a patent ambiguity which cannot be explained by parol testimony.

ACTION OF CLAIM AND DELIVERY, tried before *McIver, J.,* and a jury, at the March Term, 1896, of WAKE Superior Court. The action was commenced in a magistrate's court, and a claim and delivery was had for the possession of a "two-horse phaeton with driver's seat in front" and a "single-horse wagon," which were articles of personal property mentioned in a certain chattel mortgage made by the defendant to the plaintiff to secure a note of $100. The mortgage was put in evidence. It was in evidence that the sheriff went to seize the wagon mentioned in the mortgage, but found at the defendant's house more than one "single-horse wagon." The defendant pointed out to him which wagon was the one mentioned in the mortgage. The sheriff took the wagon so pointed out by defendant; but, plaintiff having refused to receive it, he returned it and seized another wagon. Upon the trial the plaintiff was asked to state which one of the wagons he "thought he had a mortgage on," and to this question the defendant objected. The objection was overruled, and the defendant excepted on the ground that the description in the mortgage was such a patent ambiguity that it could not be explained by parol testimony, as the defendant had several wagons at the time of making the mortgage, and that they were not sepa-

119—8

HOLMAN v. WHITAKER.

rated except as hereinafter stated, and that there was no mutual understanding between the plaintiff and the defendant as to which wagon was meant. All testified that at the time the mortgage was made the defendant was working for the plaintiff, using, as needed, a two-horse and a one-horse wagon. The defendant said that he had four one-horse wagons at that time, and that the one last seized by the sheriff was the one he was using in hauling while working for the plaintiff.

The following were the issues submitted and the responses thereto :

"1. Is the plaintiff the owner and entitled to the possession of the carriage and wagon described in the complaint ?  Ans., ' Yes.'

"2. How much is the defendant indebted to the plaintiff ? Ans., ' $91.50 and interest.' "

There was judgment for the plaintiff, and defendant appealed.

*Messrs. J. B. Batchelor* and *E. A. Johnson,* for defendant (appellant).

No counsel, *contra.*

FAIRCLOTH, C. J.: This is an action to recover possession of personal property claimed under a mortgage. The description was a " one-horse wagon," the defendant having at the time of making the mortgage four one-horse wagons. This case is governed by *Blakeley* v. *Patrick,* 67 N. C., 40. There the language was " ten new buggies," the mortgagor having more than ten new buggies in the same lot, and the plaintiff could not recover. Here a "one-horse wagon " was the description, the mortgagor having four one-horse wagons, and the plaintiff cannot recover. Suppose one wagon, in the meantime, had been stolen..

Whose wagon was lost? The doctrine was so well discussed in *Waldo* v. *Belcher*, 11 Ired., 609, that we need not repeat it. The ambiguity is patent, and parol testimony to explain it is inadmissible. If one of the wagons had been set apart and in some way distinguished at the time of making the mortgage, or if the mortgagor had owned only one wagon, then such evidence could be heard for the purpose of identification. *Spivey* v. *Grant*, 96 N. C., 214; *Lupton* v. *Lupton*, 117 N. C., 30. We notice that there is no judgment for possession of the wagon in the record, unless the words in the judgment, "that the sale was in all respects regular," can be so construed. We, however, give the plaintiff the benefit of a judgment for possession, according to the finding on the first issue. There is no controversy about the phaeton. There is error.                                    Error.