ALBERT FULCHER v. M. A. FULCHER.

(Decided March 1, 1898.)

*Tax Sale—Tax List—Description, Sufficiency of.*

1. The designation of property in a conveyance or memorandum is sufficient if it affords the means of identification and does not positively mislead the owner.

2. Where the description of a tax-payer's land on the tax list made under the direction of the owner was "Tax List in No. 2 Township, Craven County, for the year 1893," and the tax-payer owned no other land in the township; *Held* that the description was sufficient to pass title, by the aid of parol evidence, as between the tax-payer and the purchaser of the land at a tax sale.

CIVIL ACTION for the recovery of land, heard before *Brown, J.,* by consent of parties, at February Term, 1898, of CRAVEN Superior Court. His Honor rendered judgment for plaintiff and defendant appealed.

*Messrs. Simmons, Pou & Ward* and *Shepherd & Busbee* for plaintiffs.

No counsel *contra.*

FAIRCLOTH, C. J·: The plaintiff claims title under a sheriff's deed with a full description of the land, called a tax title. From the agreed facts and the argument, we find only one question presented, to-wit, the sufficiency of the description on the tax list, which was made under direction of the defendant. The description is "Tax list in No 2 Township, Craven County, for the year 1893." "This was the only land owned by M. A. Fulcher in that township." "The designation of the land is sufficient, if it affords the means of identification, and does not positively mislead the owner." Cooley on Taxation. 407. This would seem to meet the

exception, as the defendant cannot be heard to say that he misled himself.

In *Phillips* v. *Hooker*, 62 N. C., 193, the memorandum was ·'To make a deed for her house and lot North of Kinston" in Lenoir County. "It being admitted that she owned but one house and lot in the county," the description was held sufficient to be aided by parol proof.

In *Spivey* v. *Grant*, 96 N. C., 214, the description was "one horse," and the mortgagor had only one horse; Held, the title passed.

In *Lupton* v. *Lupton*, 117 N. C., 30, the assignment was "one half of boat," and it was proved that the husband had only one boat; Held, sufficient to pass title by the aid of parol evidence.

Until recently, much property of the State escaped its share of the burden of taxation by reason of technicalities, the mode of listing, irregularity in sales, etc. The Act of 1887, Chapter 137, which has in substance been followed ever since, wiped out such refinements, and requires the contestant, or those under whom he claims, in order to defeat the purchaser's title, to prove that they were the owners at the time of the sale, or that the property was not subject to taxation for that year, or that the tax had been paid before the sale. This rule seems to be wise, as it tends to equalize State burdens, and to relieve those who have been overtaxed, because some escape. Every tax-payer knows that his property is under a tax lien, and must know when it is not paid, and such neglect as appeared in this case can seldom be the result of good intentions. The general question has been so much considered in the late cases that we feel it useless to repeat at length. *Peebles* v. *Taylor*, 118 N. C., 165; *Sanders* v. *Earp*, Ibid, 275; *Moore v. Byrd*, Ibid, 688.

In view of the foregoing statutes and adjudged cases, we see no error in the ruling of the Court below.

Affirmed.