KATE M. WELLS v. JULIA F. WELLS ET AL.

(Filed 11 October, 1911.)

1. Descent and Distribution—Personal Property—Mother Next of Kin, When—Brothers and Sisters of Deceased—Interpretation of Statutes.

In the descent and distribution of the personal estate of one who dies intestate, without child or legal representatives of a deceased child, and leaving a widow and mother and brothers and sisters, his mother is the next of kin and entitled to equally share the property with the widow in exclusion of the brothers and sisters (Revisal, sec. 111, 3), and Revisal, sec. 132 (6), has no application.

2. Interpretation of Statutes—Meaning Plain—Power of Courts.

It is the duty of the courts to observe the plain meaning expressed in a statute.

APPEAL by defendants from *George W. Ward, J.,* heard by consent August Term, 1911, of DUPLIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Aycock & Winston, George R. Ward, and Stevens, Beasley & Weeks for appellant.*

*D. L. Ward for appellee.*

CLARK, C. J. W. D. Wells, deceased, left surviving him a widow, who, it is admitted, is entitled to half of the personal estate, and his mother, who claims to be entitled to the other half of the personal estate; also two sisters and a brother, who claim that they are entitled to share equally with the mother in that half of the estate—that is, they contend that the mother, the brother, and the two sisters are entitled, each, to one-eighth.

The distribution of the personal estate of an intestate is entirely statutory. Revisal, 132 (3), provides: "If there be no child nor legal representative of a deceased child, then half of the estate shall be allotted to the widow, and the residue be distributed to every of the next of kin of the intestate, who are in equal degree, and to those who legally represent them."

This language is so explicit that it should leave no room for doubt. The next of kin of the intestate in this case is his mother. His brother and sisters are one degree further removed. It follows, therefore, that the mother is entitled to half of the personalty.

The brother and sisters rely upon Revisal, 132, subsec. 6: "If, after the death of the father and in the lifetime of the mother, any of his children shall die intestate, *without wife* or children, every brother or sister, and the representatives of them, shall have an equal share with the mother of the deceased child." But this case does not come within that section, for the intestate left a widow. It does come within the state of facts provided in subsection 3 above quoted.

It may be asked why the Legislature gives the mother only a child's share when the intestate leaves no widow, and gives her as next of kin half of the personalty if the intestate leaves a widow. Such is the plain letter of the law, and we do not have to supply reasons for legislative action. But it may be surmised that the difference is due to this, that when the intestate leaves no wife or children, the entire estate is to be divided, and therefore the children share in it; whereas, when the intestate leaves a widow, there is only half the estate left, and the statute gives that to all who are the next of kin "in an equal degree."

Another reason for subsection 6 is that under Revisal, 132, subsection 5, formerly on the death of the intestate without leaving widow or children the entire personalty would have gone to the father as the next of kin, because *ex jure mariti* he would take his wife's share. Subsection 6, carrying out the same idea, provided that in case of the death of the son, leaving neither widow nor children, the personalty should be distributed equally between the children and the mother, just as if the property had gone to the father and was to be distributed as his personalty under Revisal, 132, subsec. 2.

It would be useless to cite cases from other jurisdictions having statutes more or less similar to ours, or reason by analogy from decisions on a somewhat different state of facts. As already said, we cannot surmise as to the reasons for the statute.

When, as here, the statute is plain, it is the duty of the Court to observe it as written. *Lex scripta est* is sufficient for us.

In this case we have not the state of facts provided for by Revisal, 132, subsec. 6, and we do have the state of facts provided for by Revisal, 132, subsec. 3. The clerk therefore properly held that the widow is entitled to one-half of the personalty of the intestate and that the mother of the deceased, as "next of kin," is entitled to the other half. The judgment overruling the clerk is

