JOHN STONE v. K. M. PHILLIPS.

(Filed 20 November, 1918.)

1. **Taxation — Sales — Deeds and Conveyances —Evidence—Presumptions—Instructions—Trials.**

A sheriff's deed to lands sold for the nonpayment of taxes is presumptive evidence that the land was subject to the taxes for the year therein stated; that the taxes had not been paid before the sale; that the property had been listed and assessed; that the taxes had been levied according to law; that the property was sold for taxes, as stated in the deed, and that all statutory notices had been duly served and advertisements duly made; and in an action by the owner against the purchaser at the tax sale, in possession, where the tax deed has been introduced in evidence, and it is admitted that the purchaser's affidavit as to notice and his deed are in due and proper form, a charge of the court to find for the plaintiff, if the evidence is believed, is reversible.

2. **Taxation—Sales—Deeds and Conveyances—Tax Lists—Description.**

Where land has been conveyed by the sheriff for the nonpayment of taxes, under the statute, it is not required for the validity of his deed that the land should have been described with particularity or detail on the tax list, for the designation thereon is sufficient if it affords reasonable means of identification and does not positively mislead the owner or persons interested.

3. **Sale—Statutes—Sheriff's Deed—Reference to Owner's Deed.**

Under the provisions of the Revisal, sec. 2895, a sale of land for taxes shall not be invalid by reason of certain irregularities; and section 2896, defining these irregularities, among other things, provides that the description on the tax list will be definite enough if sufficient to enable the

sheriff, or any person interested, to determine what property is meant or intended by the description, and in such case a defective or indefinite description may be made definite by the sheriff in his deed: *Hence*, where the owner has but one lot or tract of land within the corporate limits of a town, and reference to his deed would readily give a full description thereof, the sheriff's deed to the purchaser at the sale for taxes, incorporating this description in his deed, is sufficiently definite of the land therein conveyed to pass the title.

4. **Taxation—Sales—Tax Lists—Listing for Taxes—Owner's Name—Principal and Agent—Statutes.**

The seeming hardships imposed by Revisal, sec. 2894, declaring that no sale of real estate for taxes shall be valid because the land was charged on the tax list in the name of any other than the rightful owner, is minimized or removed by the last clause of the section, which invalidates the sale, if the rightful owner has listed the lands and paid the taxes, for it was his duty to have done so, and not that of the officials to perform the impossible task of examining into the existence of all title appearing in the registration books.

5. **Taxation—Sales—Deeds and Conveyances—Sheriff's Deeds—Description —Listing for Taxes—Owner's Name—Evidence—Instructions—Appeal and Error—Trials.**

The owner of lands within an incorporated town sold a part thereof, and the whole of this tract was listed on the tax books in the name of the original owner, designated as that within the town, and, after notice to him and his purchaser, was sold for taxes, and a deed made therefor by the sheriff to a purchaser at the sale for taxes, sufficient in form to pass the title, with description obtained by reference to the deed made to the original owner, who had only this lot of land within the town. The purchaser at the tax sale entered into possession, and the grantee of the original owner brought his action involving the title. Upon the evidence in the case: *Held*, an instruction by the court to the jury to answer the issue for the plaintiff, if they believed the evidence, is reversible error.

6. **Taxation—Listing for Taxes—Statutes.**

In order for the sheriff's deed to convey the title to the purchaser of lands at the sale for the nonpayment of taxes, it is required that the lands shall have been listed in accordance with the provisions of law—that is, by the owner or duly accredited agent, in cases where listing by the agent is permissible (Revisal, secs. 5217-8); otherwise, by the chairman of the board of county commissioners. Revisal, sec. 5233, etc.; *Rixford v. Phillips*, 159 N. C., 213, cited and approved.

ACTION to recover a parcel of land, tried before *Harding, J.*, and a jury, at February Term, 1918, of MOORE.

The plaintiff, admitted to have been the owner of the lot, sued to recover same. Defendant, in possession, resisted recovery, claiming title under a tax sale and deed from D. Al Blue, sheriff of Moore County, having the tax list of 1912 to collect by virtue of his office, etc.

On issues as to title and right of possession, the court charged the

jury, if evidence believed, to find for plaintiff. Verdict for plaintiff. Judgment, and defendant excepted and appealed.

*No counsel for plaintiff.*
*H. F. Seawell and R. L. Burns for defendant.*

HOKE, J. The facts in evidence tended to show that in 1911 one C. H. Jones, a nonresident, owned a lot in the town of Carthage, same having been conveyed to him by the former owner, Vance W. Barrett, in 1905, and the deed duly registered in said county, Book 33, page 294; that in April, 1911, C. H. Jones conveyed a part of said lot to plaintiff, said deed being duly registered on 10 April, 1911; that on the tax list for Moore County for 1912 plaintiff's land was not listed in his own name and the Jones lot was listed as formerly, appearing on the tax lists as "Jones, C. H., one lot, Carthage, $225," and that said Jones owned no other lot in Carthage at that time or before; that the taxes assessed against the lot not having been paid, the same was sold for taxes by the sheriff, at which sale the defendant became the purchaser, and the time having expired and notice having been duly given by the purchaser, by publication as to C. H. Jones, nonresident, and personally on the plaintiff, and neither Jones nor plaintiff, nor any one for them, having offered to redeem the land, the sheriff in October, 1914, conveyed the lot to defendant, describing same by metes and bounds as contained in the original deed from Barrett to Jones, the same including the lot claimed by plaintiff. It was admitted by plaintiff that the affidavit of purchaser, as to notice and the sheriff's deed conveying the land, were in due and proper form and the statute making this deed presumptive evidence: (1) That the real estate was subject to taxation for the year stated in the deed; (2) that the taxes were not paid at any time before the sale; (3) that the property had not been redeemed; (4) that the property had been listed and assessed; (5) that the taxes had been levied according to law; (6) that the property was sold for the taxes as stated in the deed; (7) that all notices required had been duly served and advertisement of said sale duly made; and, conclusive as to the other specified recitals in the deed, we see no reasons on the record as now presented why the possession and title of the purchaser should not have been sustained.

It was suggested for plaintiff that the lot was not sufficiently described on the tax list, and the attempted sale was therefore a nullity; but it will be readily recognized that it is entirely impracticable to spread out anything like a full and accurate description of land on the tax list, reasonable certainty is all that can be required. As said by Mr. Cooley in his work on Taxation: "The designation of land is suffi--

cient if it affords reasonable means of identification and does not positively mislead the owner," a statement of the position approved by the Court in *Fulcher v. Fulcher,* 122 N. C., 101, citing Cooley on Taxation, 407. And in furtherance and extension of the principle, the statute applicable, Revisal, sec. 2895, enacts that a sale for taxes shall not be invalid by reason of certain irregularities; and in section 2896, defining the irregularities, there is specified, among other things, "any defect in the description, upon any assessment book, tax list, sales book or other record, of real or personal property assessed for taxation, or upon which any taxes are levied, or which may be sold for taxes, provided such description be sufficiently definite to enable the sheriff or any person interested to determine what property is meant or intended by the description; and in such case a defective or indefinite description on any book, list or record, or in any notice or advertisement, may be made definite by the sheriff in the deed by which he may convey such property, if sold for taxes, by inserting in such deed a proper and definite description of the property so defectively or indefinitely described."

Recurring to the record, it appears that the property listed as "Jones, C. H., one lot in Carthage, $225," and he having owned one lot, a reference to the registry would disclose a deed to C. H. Jones, giving full description, and which the sheriff no doubt readily found and followed in the tax deed.

In reference to the further position that the tax list shows no land listed as the property of plaintiff, the statute in section 2894 provides: "That no sale of real estate shall be void because such real estate was charged in the name of any other than the rightful owner if such real estate be in other respects sufficiently described. But no sale of real property so listed in the name of the wrong person shall be held valid when the rightful one has listed the same and paid the taxes thereon." Any seeming hardship in thus sanctioning a sale of land listed in another name is minimized or removed by the last clause of this section, which operates in full protection of an owner who has listed his property and paid his taxes, as he is in duty-bound to do, while the contrary position would result in much property being withdrawn from taxation by transfers not put to registry, or requiring officials to enter on the impossible task of examining into the existence of all titles appearing in the registration books before a reliable tax list could be made. The section cited has been approved in principle in *Taylor v. Hunt,* 118 N. C., 168, and other cases.

As the cause goes back for a new trial, we consider it not improper to state further that we have held, in *Rexford v. Phillips,* 159 N. C., 213, that land is not properly listed for taxation, rendering it subject to sale, unless it has been done according to the provisions of law—that

is, by the owner or by his duly accredited agent in cases where listing by an agent is permissible. Revisal, secs. 5217-5218. And where neither has acted, the chairman of the board of county commissioners is authorized to list the same under section 5233, etc.

In *Rexford's case, supra,* neither the owner nor his agent had given in the land, and the list taker had copied the entry from the former tax book, and it was held that the land was not rightfully on the tax list, and a sale for taxes pursuant thereto was invalid. Speaking to the question in that well-considered opinion, *Associate Justice Walker* said: "There were two ways at that time for listing land for taxes. Revisal, secs. 5217, 5222, and 5227, provides that the owner, in person, shall list his property under oath, setting forth in detail how it shall be done, and section 5218 provides that certain persons may appoint agents to list for them. Section 5233 provides that if the owner fails to list at the appointed time, the chairman of the board of commissioners shall list the same, in the name of the owner, by inserting in the tax list the description and valuation of all property not listed by him, and shall charge him with a double tax; and section 5232 provides for the collection of taxes on land which has escaped taxation for previous years by adding to the simple taxes of the current year all taxes due for preceding tax years, with 25 per cent interest thereon. There is no provision in the law for the listing of land by a township tax lister, or in any other way than the one prescribed." . . . And again: "The Legislature has never provided that a person without authority in law or in fact may enter on the lists an indefinitely described number of acres in a township containing many thousand acres, not in the name of the owner, but of some one else, and thereby confer authority to sell lands thus listed, and by the sheriff's deed pass the title to the lands of another person whose name does not appear in the list, and whose lands are not described therein, and who has never authorized the listing of his land by another, and whose land has not been listed by the chairman of the county commissioners as required by law in case of the owner's default."

We are not unmindful of the clause appearing in section 2909 of the Revisal to the effect "that no person shall be permitted to question the title acquired by a sheriff's deed made pursuant to this chapter without showing that he or the person under whom he claimed has paid all taxes due on the property," etc. But if it is shown that the property is on the tax list without lawful authority no taxes have thus far been legally assessed against it, and the section therefore would not apply.

For the error indicated there must be a new trial of the cause, and it is so ordered.

New trial.