TOWN OF ROCKINGHAM v. GURNEY P. HOOD, COMMISSIONER OF BANKS EX REL. THE BANK OF PEE DEE.

(Filed 3 May, 1933.)

1. **Taxation B e—Tax on bank stock is payable by the bank and not by stockholders.**

The tax on shares of stock of a bank is payable by the bank under the provisions of statute, it being required that the cashier or other proper officer of the bank pay the tax to the municipality levying it when the corporate excess is certified to the municipality by the State Board of

Assessment, the tax being in the nature of a statutory garnishment against the bank, and the tax is a lien upon the land, N. C. Code, 7987. Public Laws of 1929, chap. 344.

2. **Taxation C c—Where bank does not appeal from assessment of its stock it may not escape liability for tax thereon because of insolvency.**

Where a bank does not appeal from the amount of the assessment on its stock as certified by the State Board of Assessment, the bank may not thereafter show that the amount of the assessment was erroneous because of the insolvency of the bank at the time of the assessment, and the tax duly levied prior to the closing of the bank may be collected from the bank's statutory receiver.

3. **Same—Commissioner of Revenue may not order town to strike out assessment on bank stock duly certified by State Board of Assessment.**

Where the State Board of Assessment has certified the excess value of bank stock to the municipality in which the bank conducted its business, the Commissioner of Revenue has no authority to direct the tax accountant of the town to strike from his records the amount so certified because the bank stock was worthless by reason of the insolvency of the bank when the bank has not appealed from the assessment in the manner provided by the statute.

APPEAL by defendant from *Schenck, J.,* at November Term, 1932, of RICHMOND. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard and being heard at the November Term, 1932, of the Superior Court, before the undersigned, Michael Schenck, judge presiding; and counsel for the plaintiff and defendant having waived a jury trial and having consented that the court find the facts; and after considering the statements and admissions of the parties and the evidence offered, the court finds the facts to be as follows:

1. That the Bank of Pee Dee is a banking corporation, organized under the laws of the State of North Carolina, and previous to 8 December, 1930, conducted a banking business in the town of Rockingham. That on said date said bank was closed by reason of insolvency and its assets and affairs are now in the hands of the Commissioner of Banks of North Carolina for the purpose of liquidation.

2. That at all times during the year 1930, and subsequently thereto, the Bank of Pee Dee was insolvent.

3. That the Bank of Pee Dee, for the year 1930, duly listed the real and personal property of said bank in the town of Rockingham amounting to $47,500, with the proper tax-listing authorities of the town of Rockingham, and that the taxes computed upon such valuations of real and personal property as listed by the Bank of Pee Dee have been duly paid.

4. That at all times during the year 1930 and subsequent thereto, the stock held by the stockholders of the Bank of Pee Dee was valueless.

5. That A. J. Maxwell, as chairman of the State Board of Assessment, certified to the proper tax authorities of the town of Rockingham on 1 August, 1930, 'valuation in excess of assessed value real and personal property of the Bank of Pee Dee $136,738.'

6. That the board of commissioners of the town of Rockingham made a tax levy for the year 1930 of $2.35 for each $100.00 assessed valuations of all property in the town of Rockingham for the year 1930.

7. That, in accordance with said tax levy in the town of Rockingham for the year 1930, the taxes assessed against the valuation in excess of assessed valuation of the real and personal property of the Bank of Pee Dee in the amount of $138,738 for the year 1930 amounted to $3,260.34.

8. That after the taxes had been computed on the valuation in excess of assessed, value real and personal property of the Bank of Pee Dee as certified by the State Board of Assessment on the first day of August, 1930, A. J. Maxwell, Commissioner of Revenue, on 17 February, 1931, wrote a letter to the tax accountant of Rockingham, North Carolina, directing him to strike from the records the valuation in excess of assessed value real and personal property of the Bank of Pee Dee for the year 1930.

9. That the Bank of Pee Dee had an outstanding capital stock of $100,000, and that a stock assessment of $100,000 was levied against the stockholders on account of the stock liability as provided by law, and that about 65 per cent of the same has been collected or is collectible. That all the assets of the Bank of Pee Dee augmented by any and all sums collected or that may be collected from the assessment against the stockholders will be insufficient to pay the depositors in full.

10. That the tax collector of the town of Rockingham made demand upon P. E. Dukes, local liquidating agent for the Bank of Pee Dee for the sum of $3,260.34, which represented the taxes assessed on the valuation in excess of assessed value real and personal property of the Bank of Pee Dee hereinbefore referred to of $138,738, and that the payment of the same has been refused and that this action was thereupon instituted for the collection of said amount representing the taxes due the town of Rockingham for the year 1930 on the valuation in excess of assessed value real and personal property of the Bank of Pee Dee on the sum of $138,738, as certified by the State Board of Assessment to the town of Rockingham on 1 August, 1930.

From the foregoing findings of fact, and on motion of counsel for the town of Rockingham, it is considered, ordered and adjudged by the court that the plaintiff, town of Rockingham, recover of the defendant, Gur-

ney P. Hood, Commissioner of Banks, *ex rel.* the Bank of Pee Dee, the sum of $3,260.34, with interest thereon at the rate of 6 per cent per annum from 2 June, 1931, together with the costs of the case, to be taxed by the clerk.

It is further considered and adjudged that the aforesaid amount be and constitute a first and prior lien upon any and all assets of the Bank of Pee Dee until paid."

The defendant excepted, assigned error to the judgment as signed and appealed to the Supreme Court.

*M. C. McLeod for plaintiff.*
*W. R. Jones for defendant.*

CLARKSON, J. The questions involved: (1) Is the bank stock tax of North Carolina a tax on the shares of stock to be paid by the stockholders or by the bank itself? We think by the bank. (2) Can the taxing units require the liquidator of an insolvent bank to pay such tax duly levied before the bank was closed? We think so.

Public Laws of 1929, chap. 344, Art. VI, sec. 600, subsec. 6, is as follows: "The taxes assessed upon the shares of stock of any such banking association, institution or trust companies shall be paid by the cashier, secretary, treasurer, or other officer or officers thereof, and in the same manner and at the same time as other taxes are required to be paid in such counties, and in default thereof such cashier, secretary, treasurer, or other accounting officer as well as such banking association, institution or trust company shall be liable for such taxes and in addition thereto for a sum equal to ten per cent thereof. Any taxes so paid upon any such shares may, with the interest thereon, be recovered from the owners thereof by the banking association, institution, or trust company, or officers thereof paying them, or may be deducted from the dividends accruing on such shares. The taxation of such shares of capital stock shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of this State, coming in competition with the business of such banking associations, institutions or trust companies."

Section 603, subsec. 4, gives a right to appeal from the assessment.

Section 603, subsec. 6, is as follows: "The State Board of Assessment shall, on or before the first day of August of each year, certify to the register of deeds of the county in which such corporation, limited partnership or association has its principal office or place of business, the total value of the capital stock of such corporation, limited partnership or association as determined in this section; and such corporation, limited partnership or association shall pay the county, township, city or town tax upon the valuation so certified."

The above and other relevant statutes were duly complied with as set forth in the findings of facts by the court below.

There was no appeal from the State Board of Assessment and defendant is now precluded from raising the question. *Mfg. Co. v. Comrs.,* 196 N. C., 744.

In *Comrs. v. Tobacco Co.,* 116 N. C., 441, 448, we find: "The tax on the shares is a separate matter, and is a tax on the shareholders on their property whether they reside in or out of the State collected through the medium of a *quasi*-statutory garnishment on the corporation. 'It has long been the common, if not the only mode in many states, and indeed is the only mode to collect taxes on the shares of nonresident shareholders.' *Bank v. Commonwealth,* 9 Wall., 353, 361, approved in Delaware R. R. Tax, 18 Wall., 206, 230; 2 Thomp. Corp., 2849." *Trust Co. v. Lumberton,* 179 N. C., 409; C. S., 7971(59).

In Vol. 8, Banks & Banking (Michie), at p. 194-5, is the following: "It is clearly within the power of the State Legislature to provide, as is done in a number of jurisdictions, that the taxes assessed on shares of bank stock shall be paid by the bank. . . . In at least one jurisdiction, it has been held that under an act taxing a bank on the shares of its stock, such tax was payable out of the common funds of the bank." *Attorney-General v. Bank,* 21 N. C., 216; *Attorney-General v. Bank,* 40 N. C., 71. This question was raised in the first case, *supra,* nearly 100 years ago, and seems not to have been questioned since the above decisions. The tax is a lien on the land. N. C. Code, 1931 (Michie), sec. 7987.

We think the case of *Chowan County v. Comr. of Banks,* 202 N. C., 672, similar to the present one. At p. 675 this Court said: "It is mandatory on the bank to pay the taxes on the shares of stock." Conceding that the bank was insolvent when the tax was assessed by the State Board of Assessment, yet it did not follow the procedure mapped out by law and it cannot now be heard to complain. It would be a like hardship on a municipality relying on this tax regularly assessed to now be deprived of it. The municipality is not in fault, it is the fault of the bank in not appealing if the assessment was incorrect.

The rule as to insolvent National Banks is different, as there is a statute on the subject: U. S. Code, Anno., Title 12, Banks & Banking, sec. 570: "Whenever and after any bank has ceased to do business by reason of insolvency or bankruptcy, no tax shall be assessed or collected, or paid into the Treasury of the United States, on account of such bank, which shall diminish the assets thereof necessary for the full payment of all its depositors; and such tax shall be abated from such national banks as are found by the Comptroller of the Currency to be insolvent; and the Commissioner of Internal Revenue, when the facts

shall so appear to him, is authorized to remit so much of said tax against insolvent State and savings banks as shall be found to affect the claims of their depositors. (1 March, 1879, chap. 125, sec. 20, 20 Stat., 351; 3 March, 1883, chap. 121, sec. 1, 22 Stat., 488.)"

The statute "was passed for the undoubted purpose of relieving depositors in national banks from the payment of certain taxes, not assessed upon them, but upon the banks of which they are only customers; taxes which under the preëxisting law, they would indirectly be obliged to pay when a bank is so insolvent that all its capital is gone and it has nothing left with which to pay taxes, except the money of its depositors. . . . When, therefore, it was found that in case of insolvency of the bank, and the loss of its entire capital, and its inability to pay its depositors in full from all its assets, an enforcement of the taxes would result in the taxation of the depositors, the customers and creditors of the bank, this act to relieve them was passed." *Johnston v. U. S.* (1881), 18 Ct. Cl., 157.

The Commissioner of Revenue had no power to direct the tax accountant of Rockingham, N. C., to strike from the records the valuation in excess of assessed value real and personal property of the Bank of Pee Dee for the year 1930. *Chowan County case, supra,* p. 696. The judgment below is

Affirmed.