GURNEY P. HOOD, COMMISSIONER OF BANKS OF NORTH CAROLINA, EX REL. PLANTERS BANK AND TRUST COMPANY, A CORPORATION, AND R. C. COPPEDGE, LIQUIDATING AGENT, PLANTERS BANK AND TRUST COMPANY, v. VANCE McGILL, TAX COLLECTOR OF THE TOWN OF LUMBERTON, P. S. KORNEGAY, SHERIFF OF ROBESON COUNTY, AND THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, A CORPORATION.

(Filed 28 February, 1934.)

**Mortgages D b: Banks and Banking H e—Insolvent bank mortgagor held liable for taxes as preferred claim, although mortgagee collected rents.**

> The mortgagor, the owner of the equitable title to the mortgaged property, is the real owner of the land and is liable for taxes thereon, which liability is unaffected by the mortgagee's taking peaceable posses-

sion after default and collecting the rents and profits therefrom, and where the mortgagor is a bank, and upon its insolvency, the Commissioner of Banks taking over its assets lists the property for taxes, and the mortgagee takes possession of the mortgaged building and collects the rents therefrom, and thereafter forecloses its mortgage and bids in the property at the sale, it may hold the bank liable for the taxes unpaid at the time of the sale, which is made a preferred claim in the bank's assets. C. S., 218(c).

CIVIL ACTION, before *Devin, J.,* at May Term, 1933, of ROBESON.

The agreed facts are substantially as follows:

1. The Planters Bank and Trust Company, a banking corporation in the town of Lumberton, closed its doors on 19 December, 1931, and Gurney P. Hood, Commissioner of Banks of North Carolina, by virtue of his office and the statutes in such cases made and provided, immediately took into his possession all the property and assets of said bank. At the time of the closing the bank owned its banking house by deed registered in Book 7-a, page 176, in the office of the register of deeds for Robeson County. The bank had previously executed a deed of trust to the Fidelity Mutual Life Insurance Company to secure an indebtedness of $25,000 and such was outstanding, due and unpaid on the day of its insolvency as aforesaid.

2. Thereafter, on 1 April, 1932, the liquidating agent of the bank duly listed said real estate for taxation for the year 1932 for the following values: lot and building, $55,000; furniture and fixtures, $4,000. Taxes were duly levied upon said values, as follows: Town of Lumberton taxes, $885.00; county of Robeson taxes, $436.00.

3. On 1 February, 1932, prior to listing the land for taxes as aforesaid, the defendant, insurance company, "took over the possession and operation of the building . . . and collected the rent thereon through the plaintiff, R. C. Coppedge, and applied the same on its mortgage debt," and Gurney P. Hood, commissioner of banks, and Coppedge, liquidating agent, assumed no responsibility whatsoever with respect to said building and the possession thereof. Thereafter the plaintiff, Hood, Commissioner, rented one of the rooms in the building from the mortgagee and paid rent therefor.

4. On 5 December, 1932, default having been made in the payment of the indebtedness described in the deed of trust, the insurance company sold the land at public auction in accordance with the terms of the deed of trust, and at said sale became the purchaser of the premises for the sum of $27,000, which said purchase price was duly confirmed and a deed duly executed and delivered. At the sale the trustee announced that the 1932 town taxes and county taxes had not been paid, and that, while the trustee contended that such taxes constituted a preferred claim upon the assets of the bank, he made no warranty or

assurance of any kind that such taxes would be paid by the liquidating agent, and that the purchaser at the sale must take the risk of paying the taxes.

Thereafter, on 7 December, the insurance company served a notice on the sheriff of Robeson County under C. S., 8006, demanding that the personal property of the bank be applied to the payment of taxes, "calling attention to the said sheriff to all the notes, mortgages, negotiable instruments and choses in action then in possession of the liquidating agent." On the same day the insurance company also served· a like notice upon the defendant, James McGill, tax collector for the town of Lumberton. The tax collector for the county and town of Lumberton contend that they have authority to levy and sell personal property belonging to the bank and now in the hands of the liquidating agent to· pay said taxes by virtue of C. S., 8003 and C. S., 7985.

The Commissioner of Banks contends that when the insurance company, after default, took over the property and received the rents and thereafter became the purchaser at the sale, it should be charged with the payment of taxes, "and is estopped to claim the amount thereof from plaintiffs or their trust."

At the hearing the trial judge was of the opinion that the taxes constituted "a preferred claim against the assets of said bank," etc.

From the foregoing judgment plaintiff appealed.

*McNeill & McKinnon for plaintiff.*
*F. E. Carlyle for Robeson County.*
*Johnson & Floyd and John G. Proctor for tax collector of town of Lumberton.*
*McLean & Stacy for Fidelity Mutual Life Insurance Company.*

BROGDEN, J. A bank, owning the land upon which the bank building was situate, closed its doors and the Commissioner of Banks took possession for purposes of liquidation by virtue of the statute. At the time of closing there was an outstanding mortgage securing an indebtedness of $25,000, all of which was unpaid and in default. The mortgagee took possession of the real estate and collected the rents and thereafter the liquidating agent of the bank listed the real property for taxation. County and town taxes were duly assessed and subsequently the mortgagee duly exercised the power of sale and became the purchaser of the property.

The respective tax collectors of the county and town upon notice from the purchaser of the property, contend that they have the right to levy upon the personal property in the hands of·the liquidator for the payment of taxes.

The foregoing facts produce two questions of law, to wit:

1. Who is liable for the taxes?

2. Do such taxes constitute a preferred claim against the assets of the insolvent bank?

The rights and remedies of mortgagors and mortgagees pronounced in the decisions of this State, are assembled and discussed in Mordecai's Law Lectures, Vol. I, page 579, *et seq.* Mordecai says: "If the mortgagee take possession he must account for rents and all manner of profits; not only those actually received, but also for what he might have received from any reasonable and prudent use of the property without detriment thereto. He is not entitled to betterments put upon the land, but is entitled to credit for money expended for necessary repairs, and under some circumstances, for money expended in payment of liens. He may off-set against rents and profits the increased value of land caused by his improvements when he has been long in peaceful possession." A recent utterance is found in *Bank v. Lumber Co.,* 193 N. C., page 759, as follows: "The legal title to property, whether real or personal, conveyed by a mortgage deed, passes to and vests in the mortgagee, who holds the same, however, only for purposes of security. . . . The equitable or beneficial title remains in the mortgagor, who, as to all persons except the mortgagee, is considered the true owner of the property."

Property must be listed for taxation by the owner or his agent except in special instances prescribed by statute. Consequently, the owner is primarily the taxpayer. *Stone v. Phillips,* 176 N. C., 457, 97 S. E., 375. The mortgagor is the real owner of his land and liability for taxes thereon is not shifted to the mortgagee merely by reason of possession of the premises after default; nor is liability for taxes duly levied against real estate, affected by the receipt of rents and profits. *Harper v. Ballle,* 180 N. C., 375, 104 S. E., 658. See *Chowan County v. Comr. of Banks,* 202 N. C., 672, 160 S. E., 808; *Rockingham v. Hood, Comr.,* 204 N. C., 618.

The land was duly listed for taxation by the Commissioner of Banks or his agent and the taxes were duly assessed. C. S., 218c (14) provides a statutory order of preference in the distribution of assets of an insolvent bank. Taxes are specifically included as a preferred item therein. Therefore, the trial judge ruled correctly.

Affirmed.