JARVIS COOPER ET AL. v. MRS. W. H. H. COOPER.

(Filed 18 March, 1942.)

**1. Appeal and Error § 6b—**

An exception to "rendering and signing the judgment" presents only the question whether error appears on the face of the record.

**2. Estates § 9d—**

A life tenant who has forfeited her estate by failing to redeem the land within one year after sale of the tax lien by the sheriff, C. S., 7982, cannot be permitted to avoid the forfeiture on the ground of the insufficiency of the description of the property on the tax list, since she herself listed the property for taxation and could not have been misled by any alleged insufficiency in the description. *Bryson v. McCoy*, 194 N. C., 91, cited and distinguished in that the present action does not involve the validity of the sheriff's deed.

**3. Taxation § 26b—**

It is impracticable to set out on the tax list a full description of all the property listed for taxes, and the description of property thereon is sufficient if it identifies the land with reasonable certainty so that no one having an interest therein is misled.

**4. Constitutional Law §§ 4a, 6c—**

The wisdom or impolicy of the law is not a judicial question but the duty of the courts is to declare the law as it is written.

SEAWELL, J., dissents.

PETITION by defendant to rehear this case, reported in 220 N. C., 490.

*J. Henry LeRoy for petitioner.*
*R. Clarence Dozier for respondents.*

STACY, C. J.   The case was brought back for further consideration in connection with the alleged insufficiency of the description of the property on the tax list to warrant a valid sale by the sheriff for nonpayment of taxes.

The property in question is specifically described in the complaint, and the pertinent findings made "by agreement of all parties" follow:

"That this proceeding was instituted on the 18th day of October, 1940, by the plaintiffs, who are the heirs-at-law of W. H. H. Cooper, deceased, and the remaindermen of the property described in the complaint.

"That the defendant is the owner of the life estate in said property as widow of the said W. H. H. Cooper.

"That taxes for the year 1937, and for the years 1938, 1939 and 1940, at the time of the institution of this action, were not fully paid; that the Sheriff of Pasquotank County, on October 3, 1938, offered for sale at the courthouse door of said county the real estate described in the complaint for the nonpayment of 1937 taxes, the said notice of sale describing the real estate, along with several other parcels of land belonging to other parties, as follows: 'Mrs. W. H. H. Cooper, 4 lots, amount of tax $32.80.'   That said land on the said 3rd day of October, 1938, was bought in by Pasquotank County; that the same was not redeemed until the 21st day of October, 1940."

It is alleged and admitted that the property was listed for taxes by the defendant.   Under such listing she later paid the taxes on the property, including the taxes for 1940.   She failed to redeem, however, within one year after the sale of the tax lien on 3 October, 1938.   This is the gravamen of the plaintiffs' complaint and against which the statute inveighs.

The argument is now advanced that the listing was not sufficient to warrant a sale by the sheriff for the 1937 delinquent taxes, and for this reason, it is contended, the plaintiffs are not entitled to invoke the forfeiture of the statute, C. S., 7982.

There are several answers to the position.

In the first place, it seems to be an afterthought.   The only exception appearing on the record is "in rendering and signing the judgment set out in the record."   This presents only the question whether error appears on the face of the record.   *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139; *Jones v. Griggs,* 219 N. C., 700, 14 S. E. (2d), 836.

Secondly, the listing of the property was done by the defendant, and she had full knowledge of the description and the property thereby intended to be designated. Her effort to redeem, after the year was made without suggestion of any defect in the listing, and the 1940 taxes were paid by her under the same conditions. A life tenant who lists real property for taxes and thereafter suffers same to be sold by reason of his neglect or refusal to pay the taxes on the property so listed, and fails to redeem within a year after sale of the tax lien by the sheriff, ought not be permitted to set the statute at naught, either wittingly or unwittingly, by the simple device of an inadequate listing. *Fulcher v. Fulcher,* 122 N. C., 101, 29 S. E., 91. Such was not the intention of the General Assembly. See *Nash v. Sutton,* 109 N. C., 550, 14 S. E., 77.

Thirdly, the operative finding on the instant record is, that "the sheriff of Pasquotank County, on October 3, 1938, offered for sale at the courthouse door of said county, the real estate described in the complaint," etc. This was so understood at the time of the original hearing, and the point now urged was treated as Lilliputian or inconsequential. And so it is on the record as presented. It is impracticable to set out on the tax list a full description of all property listed for taxes. Reasonable certainty is all that is required. *Stone v. Phillips,* 176 N. C., 457, 97 S. E., 375. "The designation of land is sufficient, if it affords reasonable means of identification, and does not positively mislead the owner." Cooley on Taxation, 407. Of course, the defendant will not be heard to say that she misled herself. *Fulcher v. Fulcher, supra.*

Moreover, it is provided by ch. 310, Public Laws 1939, sec. 1715 (j), in repetition of earlier statutes, that the sale of tax liens is not to be invalidated by immaterial irregularities, among which is listed, "any defect in the description upon any . . . tax list . . . *provided* such description be sufficiently definite to enable the collector, or any person interested, to determine what property is meant or intended by the description, and in such cases a defective or indefinite description . . . may be made definite by using a correct description in any tax foreclosure proceeding authorized by this Act, and any such correction shall have the same force and effect as if said description had been correct on the tax list." There is no contention here that anybody has been misled by the description. *Rexford v. Phillips,* 159 N. C., 213, 74 S. E., 337.

The case of *Bryson v. McCoy,* 194 N. C., 91, 138 S. E., 420, cited and relied upon by the defendant, is not in point. There the validity of the sheriff's deed was at issue, and not merely the sale of the tax lien.

To be sure, the materiality of any irregularity may invite controversy. So it has here. But on the point presently urged, the defendant could hardly expect to prevail, notwithstanding her case has been presented with much learning and manifest research.

Whether the plaintiffs will "gain any permanent advantage by standing on the full measure of their rights" is not for us to determine. Nor are we the judges of the wisdom or impolicy of the law. It is enough that the General Assembly has spoken on the subject. *Wells v. Wells,* 156 N. C., 246, 72 S. E., 311. The defendant complains both at the law and at the insistence of the plaintiffs, but these are matters belonging not to the courts. They are for others to decide. It is ours only to declare the law as we find it and to apply it to the facts in hand. *S. v. Whitehurst,* 212 N. C., 300, 193 S. E., 657. The suggestion that more is required than what appears here on the tax list and in the notice of sale finds no support in the decided cases, albeit the decision in *Bryson v. McCoy, supra,* is cited as authority for a contrary holding. That case, however, is readily distinguishable from this one. The difference has already been pointed out. The requirements and purposes of the two cases are dissimilar. The validity of the sheriff's deed is not in question here—only the failure to redeem within a year after the sale of the tax lien.

The other arguments made on behalf of the defendant are self-answerable.

Petition dismissed.

SEAWELL, J., dissents.