Battle, J.
 

 The main, if not the only question in the cause, arises upon the objection of the prisoner to the testimony of the witness, Johnson, who was offered on the part the State, to prove his confessions. The declarations which he made to the officer, who arrested him, and who treated him in such a cruel and unlawful manner, were clearly incompetent, and it is insisted that the statement, which ho made after he was put in jail, to the witness, Johnson, was not free and voluntary, because made under the impression that he had already committed himself by his previous confessions. There is much force in the objection as thus stated, and, at first view, it appears to be sustained by the manner in which the rule on this subject has been sometimes laid down. Thus, Mr. Stark-ie in his treatise on evidence, (edition of 1824, pt. 4, p. 49,) said that “ where a confession has once been induced by such means, (that is by throats or promise) all subsequent admissions of the same, or like facts, must be rejected, for they may have resulted from the same influence.” In a subsequent edition, (that of 1842, p. 36,) he somewhat modifies the rule, and says,
 
 “
 
 where a confession has once been induced by such means, all subsequent admissions of the same, or like facts must be rejected if they have resulted from the same influ
 
 *481
 
 ence.” In the case of the
 
 State
 
 v.
 
 Roberts,
 
 1 Dev. Rep. 259, the rule is laid down thus: “Where the prisoner has once been induced to confess by the impression of hope or fear, confessions subsequently made, are presumed to proceed from the same influence, until the contrary be shown by clear proof. And, while these presumptions remain unanswered, these latter confessions (though induced by no
 
 immediate
 
 threat or promise) are not admissible evidence.” Mr. Joy in his work on the admissibility of confessions (40 Law Lib. p. 46) states the rule to be that “ where a first confession is inadmissible, a confession subsequently made, is not admissible in evidence, unless from the length of time intervening, from proper warning of the consequences, or from other circumstances, there is reason to presume that the hope or fear which influenced the first confession is dispelled.” See also,
 
 State
 
 v.
 
 Guild,
 
 5 Halsted’s Rep. 163, 179, 181. The case of the
 
 State
 
 v. Roberts, 1 Dev. Rep. 259, referred to above, was one where the influence which induced the first confession, was supposed to continue, and, in consequence thereof, the second confession was rejected; while in the cases of the
 
 State
 
 v. Gregory, 5 Jones’ Rep. 315; and
 
 State
 
 v.
 
 States,
 
 ibid, 420, the subsequent confessions were' admitted^, because the prisoner after having made the first,, was warned against making the second. That “other circumstances,” besides that of-'a proper warning; will be sufficient to- render the subsequent confessions admissible, is shown by- several adjudications. Thus in
 
 Rex
 
 v. Richards, 5 Car. and Payne, 318, (24 Eng. C. L. Rep. 584,) on an indictment for administering poison to the prosecutrix, prisoner’s mistress, the latter said to the- prisoner, a girl of about fifteen years old, that if the she did-not tell all about it that night, the constable would be sent for next morning to fake her to Stourbridge, meaning before-the magistrates. The prisoner made a statement. Next morning the constable was sent for, and as he was taking the prisoner to the magistrates at Stourbridge, she, without any inducement having been held out by the constable, made a statement to him. The prisoner’s counsel objected to this being
 
 *482
 
 received in evidence, as the inducement held out by the pros-ecutrix, must be taken to have continued. But Bosanquet, J\, received it, and held, that as the inducement was, that if she confessed she would
 
 not
 
 be taken before the magistrates, and as the prisoner must have known when she made this statement, that the constable was taking her to the magistrates, the inducement was at an end. So in
 
 Rex
 
 v. Howes, 6 Car. and Payne, 404, (25 Eng. C. L. Rep.) the prisoner confessed to two constables, who apprehended him, and told him that “ two others had
 
 split
 
 and he might as well; and that if he told all, he would be acquitted.” The magistrate hearing the prisoner state, in presence of the constables, that they had held out this inducement, which the constables did not deny, told the prisoner that he need not say any thing, unless he pleased ; that his confession would do him no good, and that he would be committed to take his trial. The prisoner’s counsel objected to the admission of the confession made to the magistrate, as he did not seem to have gone to the full extent of telling the prisoner that his former confession would have no effect; and that the law would presume that the confession before the magistrate, was a continuation of the former confession extorted by the constables ; that the statement made to the constables, acting upon his mind, he would naturally imagine that it was then too late to retract. In support of this, the counsel cited 2 Russ. on Cr. and Mis. 648, and
 
 Sarah Nutes'
 
 case. Lord Denmaw, C. J., received the evidence, saying, that it did not appear to him that this statement did result from the same influence as the first, or that that the cases cited, carried the principle any further.
 

 In the case now before us, it is conceded that the second confession did not proceed from the same influence which induced, or rather, cruelly extorted the first. The prisoner had passed from the hands of the officer and his party who had bound him with irons and beaten him with whips, and was lodged in jail, where he was secure from further violence. The person who called him to the jail window, the day after his arrest, does not appear, from his language or manner, to
 
 *483
 
 have been bis enemy, and the prisoner, from the terms of his reply, seems to have considered him as a friend, and the statement, which he then made, was evidently dictated by a desire to extenuate, if not excuse his offense in the estimation of that friend. The only ground of objection to the confession as a free and voluntary one, must be, then, that which we have heretofore stated, to wit, that having already committed himself by a previous confession, it was too late to retract, and that further concealment was useless. That, as a distinct principle of objection, is not, so far as we are aware, supported by the authority of any adj udicated case, and is certainly opposed directly by
 
 Rex
 
 v. Howes, to which we have referred. Carried out to its full extent, it would exclude all confessions made subsequent to a previous one, for even in the case of a proper caution given, no person can say, with certainty, that the prisoner did not make the second confession, under the influence of the feeling, that the secret was out, and that it was useless for him to abstain from telling all about it. A strong analogy exists between the principle, now under consideration, and that decided in
 
 State
 
 v.
 
 Patrick,
 
 3 Jones’ Rep. 443. In that case, the witness, who had been a hirer of Patrick, (who was a slave) and was then the owner of his wife, took him to the place where the body of the deceased was lying, and upon measuring a track, near the body, with Patrick’s boot, found it “ to fit precisely.” He then said to him, “ you might as well tell all about it, for I am satisfied.” He denied it, and the witness being a little angry, said to him, u if you belonged to me, I would make you tell.” The witness repeated as many as half a dozen times, “ you might as well tell all about it, for I am satisfied.” The prisoner, after many denials, finally made the confession, which was offered in evidence. It was objected to as not having been a free and voluntary one, but it was received, and the propriety of its reception was adjudicated in this Court. It was said by us, that the confession was not extorted by fear, because the expression used by the witness, “ if you belonged to me, I would make you tell,” carried with it the assurance that the witness
 
 *484
 
 would not inflict violence upon him. Though free from fear of violence, it is manifest that the prisoner may have thought that as the testimony against him was so strong, that the witness was “ satisfied” of his guilt, “ he might as well tell all about it.” His confession was probably induced by that very supposition, yet, it was held to be properly admissible in evidence against him, upon the ground, that he had made his own calculations of the advantages to be derived from a confession, and that he must be bound by it. In the ease now before us, the prisoner was not acting under the influence which extorted his first confession, and, in making the second, he seems to have made his own calculation of the advantage tobedeiived from it, and to have supposed that he was making the case more favorable to himself, by attributing the homicide to the accident of his having “ shot higher than he intended.”
 

 It has been further argued, on behalf of the prisoner, that the second confession ought to be excluded upon the ground of public policy, for the purpose of discountenancing, and thus putting an end to such gross violation of law as the officer and his party, who made the arrest, were guilty of, in their treatment of the prisoner. We think the purposes of justice will he best accomplished by
 
 having the
 
 officer in
 
 dieted and
 
 punished for his unlawful and tyrannical abuse of his official power.
 

 The question which was raised by the prisoner’s counsel, in the Court below, and decided by the Judge there, in relation to the adultery of the deceased with the prisoner’s wife, was based upon a state of facts, not at all warranted by the testimony. If the prisoner killed the deceased at all, it was an' act of assassination and not a killing upon provocation, and the Court ought to have instructed the the jury, that the testimony did not present any view in which the question of provocation could be raised. We will not, therefore, express any opinion upon what we consider a purely hypothetical case.
 

 We have been unable to discover any errorjjn the record, and it must he certified to the Superior Court of law, for the
 
 *485
 
 county of Washington, to the end that sentence may be pronounced upon the prisoner.
 

 Pbb Cubiam, Judgment affirmed.