During the present term, on the 8th day of February, a (203) petition under oath, was filed in this court by William Biggs, late an attorney of the courts of the State, alleging that at Fall Term 1869 of Edgecombe Court, an order had been made by his Honor Judge Jones, then and there presiding, by which, for an alleged contempt of court, he had been disbarred; setting forth a transcript of the record in the case, and praying for a mandamus, that the said Judge allow him to practice law as heretofore.
This is a petition for an alternative mandamus, commanding his Honor, E. W. Jones, Judge of the Superior Court for the second judicial district of the State, "To allow the petitioner to practice law in said Court in like manner as theretofore he had been licensed and used to do, or show cause to the contrary."
In presenting the petition, Mr. Graham, one of the Counsel of the petitioner, informed the Court that their purpose was to adopt the proceeding most fit and proper to accomplish the end; and that they had concluded to move that notice issue to his Honor, Judge Jones, to show cause why an alternative mandamus should not issue.
The Court desired to hear an argument on the questions: 1. Had the petitioner a right to appeal from the order of his Honor, by which the petitioner was disabled from practicing as an attorney in said Superior Court? and 2. Is the appropriate mode of proceeding, by the writ ofmandamus, or by a writ of certiorari?
After hearing a full argument by Mr. Graham and Mr. Moore, attorneys in behalf of the petitioner, we are of opinion: 1. That the petitioner did not have the right of appeal, and 2. That the proper remedy is by writ of certiorari, in the nature of a writ
(204) of error, to bring up the record now remaining in the Superior Court for the county of Edgecombe, so that it may be reviewed, and such proceedings be had thereon as are agreeable to law. *Page 159 
The matter involves the power of a court, and also the right of an attorney of the court to be protected against error in the exercise of power on the part of the Judge.
It is ordained by the Constitution, Art, 4, Sec. 10: "The Supreme Court shall have power to issue any remedial writs necessary to give it a general supervision and control of the inferior courts." The questions: Does the case made by the petition call for the remedial writ of mandamus, or can the purpose be met by the remedial writ of certiorari in the nature of a writ of error?
The writ of mandamus is a high prerogative writ, and is never resorted to except in cases where there is no other mode of attaining the ends of justice. If there be any other remedial writ that will answer the purpose, this court is not allowed to grant the writ of mandamus; and we should be reluctant to resort to it in this instance, for surely it would not be seemly, unless there be a positive necessity, to command a Judge of the Superior Court to appear at the bar of this court, and confront in an adversary suit one who has been an attorney of his court, and now demands to be restored to that privilege.
There is this further objection to the writ of mandamus: the court in granting it assumes that, prima facie, his Honor is in the wrong. If upon the notice, he appears, and relies upon the order still remaining of record and in full force, then this court would be forced to review that order in a collateral way, and the order restoring the petitioner to his rights as an attorney, could not have the legal effect of reversing the order in the Superior Court, but would simply be in disregard of it.
The writ of certiorari is used for two purposes: One, as substitute for an appeal, where the opportunity for bringing up the matter by appeal, is lost without laches. It is to this that the (205) remarks so forcibly made by Mr. Moore on the argument, as to the difficulty of making up the case, or the postea in the record, on bill of exceptions, or from the notes of the Judge, or on affidavits, would fully apply, Such was the case of Bradley v. Fisher, 7 Wall. 376, and the case of People v. Justices of Delaware, 1 John. Cases, 181, cited on the argument. In these and the like cases, the court is obliged to resort to the writ of mandamus, as the only remedy to meet the ends of justice. But this kind of certiorari is not now in question. of error, and it is used where the writ of error proper does not lie,
The other is where the writ of certiorari is in the nature of a writ of error, and it is used where the writ of error proper does not lie, Brooksv. Morgan, 27 N.C. 481, Com. of Raleigh v. Kane, 47 N.C. 288. By this writ, only the record proper is brought up for review, and no postea orcase is to be made up. *Page 160 
Such is our case, for the whole matter rests on error alleged by the petitioner in the proceedings on the record, and nothing can be brought before this court except what appears on the face of the record. The action of this court will be either to affirm or to reverse the order in the court below.