## THE RANDLEMAN MANUFACTURING COMPANY v. B. F. SIMMONS.

*Appeal—Assignment of Error—Case on Appeal.*

1. An appeal will not be dismissed because there is no statement of the case or assignment of error, as neither is necessary to perfect the appeal, but if no error appears in the record in such case, the judgment will be affirmed.

2. The objection of the want of jurisdiction, or that the complaint does not state facts sufficient to constitute a cause of action, may be made in the Supreme Court for the first time, although no error whatever is assigned in the record.

3. The appeal will be dismissed when it does not appear in the record that an appeal was taken.

4. Where a paper appeared in the transcript, purporting to be the case on appeal, but it was signed only by the appellant's counsel, and there was nothing to show that it had been served on the appellee or his counsel, or that either of them had ever seen it, it will not be considered.

5. No agreement of counsel will be recognized, unless in writing and signed by both parties.

(*State* v. *Crook*, 91 N. C. 536; *State* v. *Byrd.* 93 N. C., 624; *Neal* v. *Mace*, 89 N. C., 171; *Williamson* v. *The Canal Co.*, 78 N. C., 156; *Meekins* v. *Tatem*, 79 N. C., 546; *Moore* v. *Vanderburg.* 90 N. C., 10; *Spence* v. *Tapscott*, 93 N. C., 576; *McCoy* v. *Lassiter*, 94 N. C., 131; *Brooks* v. *Austin*, Ibid., 222; cited and approved).

MOTION by the plaintiff appellee to dismiss the appeal, filed at February Term, 1887, of the Supreme Court.

The grounds of the motion appear in the opinion.

*Mr. George H. Snow*, for the plaintiff.
No counsel for the defendant.

MERRIMON, J. The appellee moved to dismiss this supposed appeal, upon the ground that no case stated or settled on appeal appears in the record. Manifestly this is not

ground for such a motion. The appeal properly taken and perfected, brings the action into this Court, whether error be assigned or not. The assignment of error in a case stated or settled, is not essential to the appeal. Besides, error might be assigned in the record proper, in which case, a case stated or settled would be unnecessary. But it is not essential to the appeal that error shall be assigned at all. *State* v. *Crook,* 91 N. C., 536; *State* v. *Byrd,* 93 N. C., 624; *Neal* v. *Mace,* 89 N. C., 171. In the absence of error assigned, the appellant might move in this Court to dismiss the action, because the Court had not jurisdiction; or because the complaint does not state facts sufficient to constitute a cause of action. These are objections that may be taken at any time in the Court below, or in this Court, on motion, and without demurrer or answer, or error assigned. *Williamson* v. *Canal Co.,* 78 N. C., 156; *Meekins* v. *Tatem,* 79 N. C., 546. In the absence of error assigned, the proper motion of the appellee in this Court is to affirm the judgment. This motion might be made here, and perhaps allowed, but for the fact that on looking into the transcript of the record, we find that it does not appear that an appeal was taken. It does not so appear in terms, nor is there any entry of record from which it may be inferred. It is not sufficient that the appellant intended to appeal, as perhaps he did, but it must appear of record that he did in fact appeal.

This is essential to make the appeal effective, and put this Court in relation with the Superior Court. *The Code,* §§549, 550; *Moore* v. *Vanderburg,* 90 N. C., 10; *Spence* v. *Tapscott,* 93 N. C., 576; *McCoy* v. *Lassiter,* 94 N. C., 131; *Brooks* v. *Austin,* Ibid., 222.

We find in the transcript what purports to be the case stated on appeal, signed by appellant's counsel, but it does not appear that this statement was served upon the appellee within five days, as required by the statute, (*The Code* §550,) or at all, or that he or his counsel ever saw the same, or had

any notice in any way of it, or ever assented thereto. This was necessary to give the statement any effect whatever.

It is said at the foot of the statement just mentioned, that the appellee's counsel agreed that the appellant's counsel " shall make up the case for Supreme Court," but this is not signed by the appellee's counsel, nor does it appear that he ever saw or assented to it. This *ex parte* statement is wholly insufficient, especially as the appellee's counsel here refuses to recognize such agreement, or the statement sent up as and for the case stated on appeal. This Court will not recognize such an agreement, unless in writing, and signed by the counsel of both parties. Indeed, Rule 4, par. 1, provides, that " the Court will not recognize any agreement of counsel in any case, unless the same shall appear in the record, or in writing, filed in the case of this Court." This rule is important. We have found from actual observation, that unless such agreements are put in writing, they are forgotten, misunderstood, or misinterpreted, lead to confusion, and sometimes, to unfriendly disputes.

The supposed appeal must be dismissed, not because no case was stated or settled on appeal, but upon the ground that it does not appear in the record that an appeal was taken. It is so ordered.

Dismissed.