### JOHN PEEBLES v. A. BRASWELL.

*Case on Appeal— Certiorari—Lost Papers—Incomplete Record— Laches.*

1. When the case on appeal is signed only by the appellant's counsel, and there is nothing to show that it was served on appellee in the time prescribed, it will not be considered in this Court.

2. When it appears that the appellant has been guilty of *laches*, and there is no affidavit to negative it, the application for *certiorari* to the Judge to settle the case will be denied.

3. When there is error apparent on the face of the record, the absence of the case on appeal does not, of itself, entitle the appellee to have the appeal dismissed.

4. When a case was regularly constituted in Court, complaint and answer filed, verdict and judgment thereon regular in all respects, and the summons, complaint and answer are lost, so that copies are not sent up with the record to this Court, and there is no averment of any effort to have the papers supplied in the Court below, though seven months have elapsed since the appeal was taken, and there is no suggestion of any error which would thereby be made to appear: *Held,* that the appellant is not entitled to a *certiorari* for these papers.

This was a CIVIL ACTION, tried at the March Term, 1890, of PITT Superior Court, by *Boykin, J.*

*Mr. J. E. Moore,* for plaintiff.
*Messrs Gilliam & Son* (by brief), for defendant.

CLARK, J.: There is no case on appeal settled by the Judge, nor any "case agreed" signed by counsel. There is a statement of case on appeal, signed only by appellant's counsel, but nothing to show that it was served within the time, or, indeed, ever at all, upon appellee or his counsel. This, it has been held, cannot be considered. `Manufacturing Co. v. Simmons,* 97 N. C., 89.

The appellant now asks for a *certiorari,* but there is no affidavit to negative *laches* on the part of the appellant, and, so far as the application is to be construed as being for a *certiorari* to the Judge to settle the case, it must be denied. *Simmons v. Andrews,* 106 N. C., 201, and cases there cited.

It is true the absence of any case on appeal does not, of itself, entitle the appellee to have the appeal dismissed, as there may be error apparent upon the face of the record proper. *Manufacturing Co. v. Simmons, supra.* Upon examination of the record as sent up, we find that the case was regularly constituted in Court by summons duly issued and served, complaint and answer filed, orders made in the cause from time to time, trial duly had, issues submitted, verdict of the jury and judgment thereon, all of which are set out and regular in all respects, except that copies of summons, complaint and answer are not sent up, the Clerk certifying as cause for omission that said papers had been taken out of his office by appellant's counsel and lost. There is no affidavit to controvert this return of the Clerk, and no averment of any effort below to have the papers supplied, as was held requisite in *Nichols v. Dunning,* 91 N. C, 4, though it is seven months since the appeal was taken. It would be a vain

thing to send a *certiorari* down for papers which are not in the office, and to supply which no steps have been taken—the loss of which by appellant's counsel, as returned by the Clerk, is not controverted, and as to which it is not even suggested that, if supplied and sent up, they would show any error. Indeed, after judgment it is too late to object that there was no complaint or answer filed (*Robeson* v. *Hodges*, 105 N. C., 49, and cases there cited), and appellant is in no better condition.

The appellant has, by apparent gross *laches*, for which he does not offer excuse or palliation, failed to perfect his appeal. To permit him to delay the appellee of the fruits of his judgment would grant to his negligence more than it seems he thought he could obtain by proper diligence in supplying the lost papers and sending up a complete record, together with a case on appeal.

The motion for *certiorari* is denied, and the appellee is entitled to have the judgment.

Affirmed.