JOHN McNEILL v. RALEIGH & AUGUSTA AIR LINE RAIL- ROAD COMPANY.

*Practice—Appeal—Case on Appeal—Service.*

1. Where a case on appeal is served by an improper officer within the time, or by a proper officer after the time, limited for its service, it will not be considered.

2. The failure of service of case on appeal within the time limited cannot be cured by the judge's settling the case.

Civil action, tried before *Hoke, J.,* and a jury, at August Term, 1895, of Moore Superior Court, to recover damages for killing plaintiff's cow through negligence of defendant. There was verdict for the plaintiff and defendant appealed from the judgment thereon.

It appears from the record that the defendant's case on appeal was filed with the Clerk of the Superior Court and

handed by him to counsel for plaintiff within the time pre-
scribed and was served by the Sheriff after the time for
service had expired. In this Court plaintiff's counsel
moved that the statement of case on appeal be not consid-
ered and that the judgment be affirmed.

*Messrs. Black & Adams* and *W. H. McNeill*, for plain-
tiff.

*Mr. Robert C. Strong*, for defendant (appellant).

CLARK. J.: Notice of appeal was properly given and in
apt time, hence a motion to dismiss the appeal would not
lie and in fact was not made. The appellant's case on
appeal, unless service was accepted, could only be served
by an officer. *Forte* v. *Boone*, 114 N. C., 176; *Allen* v.
*Strickland*, 100 N. C., 225 ; *State* v. *Johnson*, 109 N. C.,
852; *State* v. *Price*, 110 N. C., 599. The failure of ser-
vice in due time, if it is made to appear, could not be
cured even by the Judge's settling the case (*Forte* v.
*Boone, supra*) and when the case is not settled by the
Judge, it must appear affirmatively that the case or coun-
ter-case was legally served and in due time to avail the
party relying upon it. *M'f'g Co.* v. *Simmons*, 97 N. C.,
89 ; *Peebles* v. *Braswell*, 107 N. C., 68; *Howell* v. *Jones*,
109 N. C., 102. The attempted service by the clerk was
a nullity (*Cummings* v. *Hoffman*, 113 N. C., 267) as was
also the service by a proper officer after the time limited
by law. *Rosenthal* v. *Roberson*, 114 N. C., 594; *Cum-
mings* v. *Hoffman, supra*. Had there been counter-affida-
vits that in fact there had been service by a proper officer
in due time, the case might be continued that, on motion
below, the Judge should find and certify the facts, as in
*Walker* v. *Scott*, 102 N. C., 487. Such is not the case here,
but simply an attempted service within the proper time by

one not authorized to make it, and then service by a proper officer but after the time limited for service had expired. Both these acts being null and of no effect, and there being nothing to excuse the laches, as in *Watkins* v. *Railroad* 116, N. C., 961, there is nothing before us except the record proper. On inspection we find no error therein and must affirm the judgment. *Lyman* v. *Ramseur*, 113 N. C., 503.

Affirmed.