ZELL GUANO COMPANY v. P. T. HICKS.

*Practice—Appeal—Time for Service of Case on Appeal. Certiorari.*

1. The time for service of a case on appeal must be counted from the actual adjournment of the Court.

2. When, by agreement of counsel, the time for service of the case on appeal was extended to thirty days and the Court adjourned on October 31st, the time expired on November 30th, the last day not being Sunday, and a service on December 1st was a nullity.

3. A petition for a writ of *certiorari* to bring up the case on appeal will not be granted when the petitioner has failed to file a transcript of the record proper, except, possibly, in a meritorious case where the only defect is the absence of the record, but certainly not where the appeal was lost by failure to serve the case on appeal.

PETITION by the defendant for a writ of *certiorari* to bring up a case on appeal which was not served within the time limited for the service.

*Messrs. R. B. Peebles* and *MacRae & Day*, for petitioner.

*Mr. R. O. Burton, contra.*

CLARK, J.: The time in which to serve "the case on appeal" must be counted from the actual adjournment of the court. *Rosenthal* v. *Robertson*, 114 N. C., 594; *Delafield* v. *Construction Co.*, 115 N. C., 21; *Worthy* v. *Brady*, 91 N. C., 265; *Turrentine* v. *Railroad*, 92 N. C., 642; *Chamblee* v. *Baker*, 95. N C., 98; *Walker* v. *Scott*, 104. C., 481. The

court having adjourned on October 31, the "30 days" agreed upon, in lieu of the statutory ten days, in which to serve the case on appeal, expired on November 30 (the last day not being Sunday). Code, sec. 596; *Barcroft* v. *Roberts*, 92 N. C., 249. The attempted service therefore upon December 1, was too late and was a nullity. *Peebles* v. *Braswell*, 107 N. C., 68; *Cummings* v. *Hoffman*, 113 N. C., 267. It may seem a hardship that a party shall lose his appeal by being one day too late, but this is not comparable to the confusion which would be brought about by not adhering to the time fixed by statute, or the time agreed upon by parties in lieu thereof. Every case in which there was a failure to observe the time specified would become the subject of controversy, with affidavits · and counter affidavits, and with a wonderful increase in the number of such cases. In the present case, the appellee gave by consent twenty days more time than the statute allowed, and we have no power to add another day against the appellee's will. *Vigilantibus non dormientibus leges subveniunt.*

The petitioner failed to file a transcript of the record proper, and without doing so he is in no condition to ask for a writ of *certorari* to bring up the "case on appeal."

*Brown* v. *House*, 119 N. C., 622; *Shober* v. *Wheeler*, 119 N. C., 471; *Owens* v. *Phelps*, 91 N. C., 253; *Pittman* v. *Kimberly*, 92 N. C., 562; *Bailey* v. *Brown*, 105 N. C., 127; *Stephens* v. *Koonce*, 106 N. C., 255; *Porter* v. *Railroad*, 106 N. C., 478; *Pipkin* v. *Green*, 112 N. C., 355; *State* v. *Freeman*, 114 N. C., 885.

Since this motion was argued the petitioner has asked to be allowed to file a transcript of the record proper. In a meritorious case, where the only defect is the absence of such record, the court might allow it, but here it would be of no avail and would uselessly impose the costs of a tran-

script upon the petitioner, since it appears as above that the appeal was lost by failure to serve the case in the time limited.

Petition denied.