R. W. HICKS v. E. A. WESTBROOK, Administratrix of J. H. Westbrook, deceased.

*Practice—Appeal—Case on Appeal—Service—Striking from Files—Dismissal of Appeal—Affirmance of Judgment Below.*

1. Where, in the Court below, a dispute arose as to whether there had been service of a case on appeal, it was proper for the Judge to find the facts and, having found that there had not been such service within the statutory time, it was proper for him to order the appellant's "case on appeal" to be stricken from the files.

2. A statement of case on appeal signed only by the appellant's counsel with nothing to show that it was served within the prescribed time, or at all, upon the appellee or his counsel, is a nullity.

3. The absence of a case on appeal does not entitle the appellee to have appeal dismissed, but, if no error appears on face of the record proper, the judgment below will be affirmed.

MOTION to strike from the files of the Court below defendant's statement of case on appeal heard before *Allen, J.,* at Fall Term, 1897, of DUPLIN Superior Court. The cause had been tried before *McIver, J.,* and a jury at Spring Term of said Court and defendant had appealed from the judgment then rendered.

His Honor, Judge Allen, made the following order:

"This cause coming on to be heard and it appearing to the satisfaction of the Court that the Spring Term of this Court, the term at which above entitled case was tried, adjourned on the 4th day of March, 1897, and that the defendants did not serve their case on appeal on Plaintiff or his counsel until the 5th day of April, 1897, and that more than 30 days elapsed after adjournment of said Court before said statement of case on appeal was served, on motion of counsel for plaintiff it is ordered and adjudged that the said statement of case on appeal by defendant, which was filed with the Clerk of this Court by defendant and copy of same included in Transcript for Supreme Court, be stricken from

the file of papers in this cause, and from the transcript for Supreme Court for the reason that the same is not a part of the records in said action."

Defendant excepted to this order and appealed. In this Court plaintiff moved to dismiss for the absence of case on appeal.

*Messrs. Frank McNeill* and *J. D. Bellamy,* for plaintiff.
*Mr. F. R. Cooper,* for defendant (appellant).

CLARK, J.: If there was any dispute of fact as to whether there was service in time, it was proper that it should be submitted to the Court below (*Cummings* v. *Hoffman,* 113 N. C., 267; *Walker* v. *Scott,* 102 N. C., 487) and his Honor having found as a fact that there was no service of the appellant's case in the statutory time, he properly directed the appellant's "case on appeal" be stricken from the file.

This order being excepted to, the clerk sent up "appellant's case." "There being a statement of case on appeal signed only by the appellant's counsel, but nothing to show that it was served within the time, or indeed at all, upon the appellee or his counsel" it is a nullity. *Peebles* v. *Braswell,* 107 N. C., 68; *M'f'g. Co.* v. *Simmons,* 97 N. C., 89; *Howell* v. *Jones,* 109 N. C., 102. The absence of a case on appeal does not entitle the appellee to have the appeal dismissed, but there being no error on the face of the record proper, the judgment below is affirmed. *McNeill* v. *Railroad,* 117 N. C., 642; *Smith* v. *Smith,* 119 N. C., 314, and cases cited under sub-head "No case on appeal" Clark's Code p. 582, and Supplement to same p. 89. The reason of this is that, though there is no "case on appeal" which alone could show errors and exceptions on the trial, yet if upon inspection of the record proper (*Code,* Sec., 957, *Thornton* v. *Brady,* 100 N. C., 38, *Upper Appomattox Co.* v. *Buffaloe,* at this term,) the Court had no jurisdiction or a cause of

action was not stated, the judgment below could not be sustained.

Affirmed.