HENRY HARDEE ET ALS. v. H. A. TIMBERLAKE ET ALS.

(Filed 18 September, 1912.)

**Appeal and Error—Service of Case—Time Allowed—Period Expired—Judgment Affirmed—Practice.**

Under an agreement that appellee have thirty days in which to serve his case on appeal, the time begins to run from the time the court left the bench for adjournment *sine die;* and the service of the case after the time allowed is a nullity; and no error being found on the face of the record proper, the judgment below will be affirmed.

APPEAL by plaintiffs from *Whedbee, J.,* at May Term, 1912, of PITT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. F. Evans for plaintiffs.*
*F. G. James & Son for defendants.*

CLARK, C. J. This is a motion to dismiss because the "case on appeal" was not served on time. The facts found by his Honor are that "on Friday, 24 May, 1912, all jury trials being concluded, the court discharged the jury, but announced that he would come to the courtroom Saturday morning, 25 May, to sign judgments, which he did at that time, and then went to his home, which was in the same town. The case on appeal was served 26 June, 1912. By agreement, the appellant was allowed thirty days in which to serve case on appeal."

The term of the court expired Saturday morning, 25 May, when the court left the bench for the term. *Delafield v. Construction Co.,* 115 N. C., 21, where the subject is fully discussed. May having thirty-one days, the time allowed by consent (thirty days) in which to serve case on appeal expired 24 June, and therefore service on 26 June was too late and a nullity. *Guano Co. v. Hicks,* 120 N. C., 29, and cases there cited.

There being no error upon the face of the record proper and there being no case on appeal, the judgment below must be

Affirmed.