### A. P. ROBERTS v. GREENSBORO-FAYETTEVILLE BUS COMPANY ET AL.

(Filed 6 June, 1930.)

**Appeal and Error C a—Order that appellant's proposed statement of case, filed after expiration of time, be stricken from papers held not error.**

Where the appellant has failed to serve his case on appeal in the time given therefor, the granting of the appellee's motion by the court below to strike the appellant's proposed statement of the case from the papers in the cause does not effect a dismissal, but where it appears from an examination of the record upon appellant's motion for *certiorari* that there is no error on the face of the record, the order of the court below will be affirmed.

APPEAL by defendants from *McElroy, J.,* at March Term, 1930, of GUILFORD.

Civil action to recover damages for an alleged wrongful injury caused by a collision between plaintiff's automobile and a bus, owned by the corporate defendant and operated at the time by John Rich, said collision occurring at the intersection of Whittington and South Elm streets in the city of Greensboro on the morning of 19 January, 1929.

The case was tried at the January Term, 1930, Guilford Superior Court, which resulted in a verdict and judgment for the plaintiff, the judgment being signed on 18 January, the last day of the term, and from which the defendants gave notice of appeal to the Supreme Court.

By consent, and with the court's approval, the defendants were allowed thirty days within which to prepare and serve statement of case on appeal, and the plaintiff was allowed fifteen days thereafter to file exceptions or counter-statement of case.

The defendants served their statement of case on appeal on plaintiff's counsel 18 February, 1930, more than thirty days after the adjournment of the term of court at which the case was tried; no counter-statement of case was served or exceptions filed by plaintiff; and on 24 February plaintiff lodged a motion before Hon. Clayton Moore, Special Judge, to strike the defendants' purported statement of case on appeal from the file of the papers in the cause. This motion was continued and heard by Hon. P. A. McElroy, before whom the case was tried, who

allowed the same 5 March, 1930, and ordered that the said purported satement of case on appeal served by the defendants after the time for service thereof had expired, be stricken from the files. In the meantime, on 4 March, the defendants filed their statement of case on appeal in the clerk's office.

From the order, striking said purported statement of case from the files, the defendants duly excepted and appealed.

*Frazier & Frazier and A. J. Moreau for plaintiff.*
*Jno. W. Hester and F. Glenn Henderson for defendants.*

STACY, C. J., after stating the case: The order striking the defendants' purported statement of case on appeal from the file of the papers in the cause is supported by the decision in *Hicks v. Westbrook,* 121 N. C., 131, 28 S. E., 188. This, however, did not entitle the plaintiff to a dismissal of the appeal. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713. *Non constat,* an examination of the defendants' purported statement of case on appeal, filed here with application for *certiorari,* fails to convince us that, on the defendants' own showing, reversible error was committed on the trial of the cause. Hence, it further appearing that no error exists on the face of the record proper, the judgment will be affirmed. *McNeill v. R. R.,* 117 N. C., 642, 23 S. E., 268. It would seem, therefore, that, irrespective of the procedural questions raised by the appeal, the same result would have followed, had the case been presented without them.

Affirmed.