O. A. EDWARDS ET AL. v. J. B. PERRY.

(Filed 22 May, 1935.)

1. **Appeal and Error C a—Computation of time for filing case on appeal when the court leaves the bench before the end of the term.**

    When the trial court leaves the bench Friday preceding the last day of the term, stating he would not adjourn court, but would let the term expire by limitation, and no further business is transacted by the court at the term, the time for filing cases on appeals taken at the term will be computed from the Friday the court left the bench and not the Saturday following.

2. **Same—Motion to strike out purported statement of case for failure to file same within time fixed held properly allowed.**

    Where appellant is one day late in filing his statement of case on appeal, although the case would have been filed within the time allowed except for the fact that the court left the bench one day before the expiration

of the term, appellee's motion in the trial court to strike out the pur-
ported statement of case on appeal, because not filed within the time
fixed, is properly allowed, though the circumstances may have justified
an application for writ of *certiorari.*

3. **Appeal and Error H a—Failure to file statement of case on appeal
within time fixed does not entitle appellee to dismissal of appeal.**

> Where appellant's statement of case on appeal is properly stricken out
> for appellant's failure to file same within the time fixed, appellee is not
> entitled to a dismissal of the appeal, and appellant may prosecute the
> appeal, although it is the usual practice in such circumstances to affirm
> the judgment, unless error appears upon the face of the record.

APPEAL by defendant from *Frizzelle, J.,* 6 March, 1935.   From WAKE.
Motion by plaintiffs to affirm judgment.

The case was tried at the Second October Term, 1934, which resulted
in verdict for plaintiffs.   Motion by defendant to set aside verdict was
by consent continued to be heard at the Second November Term, 1934.
The motion was denied and judgment signed at this latter term, from
which the defendant gave notice of appeal: "Notice of appeal waived.
. . . 45 days allowed to serve case on appeal," etc.

The said Second November Term was a two-weeks term, beginning 26
November, and on Friday of the second week, 7 December, the judge
left the bench, stating that he would not adjourn court, but would let the
term expire by limitation, and no further business was transacted by the
court at this term.

On the morning of 22 January, 1935, counsel for appellant went to
the office of counsel for appellees, both being residents of the town of
Wake Forest, and requested an additional extension of time within
which to serve statement of case on appeal.   "After some discussion,
Mr. J. G. Mills stated to Dr. Gulley that Mr. F. D. Flowers was leading
counsel for appellee, and that he could not extend the time fixed by the
court unless Mr. Flowers consented to it.   That he would go see Mr.
Flowers and ascertain his wishes in the matter; that upon visiting the
office of Mr. Flowers it was discovered that Mr. Flowers was in Roches-
ter, N. Y., which fact was reported by Mr. Mills to Dr. Gulley."

Counsel for appellant thereupon prepared and served his statement of
case before the end of that day, 22 January, 1935.

Plaintiffs moved before the trial court to strike out appellant's state-
ment of case on appeal, because not served within the time fixed, which
motion was allowed, the court finding that there had been no agreement
of extension or waiver of the time prescribed, and defendant appeals
from this ruling.

*E. D. Flowers and J. G. Mills for plaintiffs.*
*Gulley & Gulley for defendant.*

STACY, C. J. Counsel for both sides were evidently under the impression that 22 January, 1935, was the last day, prescribed by the court, for the service of appellant's statement of case on appeal. They dealt with the matter on that day upon this assumption. The discovery, subsequently made perhaps, that the judge left the bench on Friday, instead of Saturday, of the second week of the term, disclosed 21 January as the last day for the service of appellant's case. *Hardee v. Timberlake,* 159 N. C., 552, 75 S. E., 799; *May v. Ins. Co.,* 172 N. C., 795, 90 S. E., 890; *Guano Co. v. Hicks,* 120 N. C., 29, 26 S. E., 650; *Delafield v. Const. Co.,* 115 N. C., 21, 20 S. E., 167. Hence, the order striking out the purported statement of case on appeal is supported by the decision in *Hicks v. Westbrook,* 121 N. C., 131, 28 S. E., 188.

The circumstances may have justified the appellant in applying for a writ of *certiorari* to bring up his case, but this was not done. *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737; *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398.

There being no case on appeal, legally settled, does not, however, entitle the appellee to have the appeal dismissed. *Roberts v. Bus Co., supra. Non constat* that error may not appear on the face of the record proper. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713. For this reason, the appellant is permitted to pursue the appeal, even after his right to a "case on appeal" has been lost. *Roberts v. Bus Co., supra.*

In such case, however, unless error appear on the face of the record proper, it is the usual practice to affirm the judgment on motion of appellee. *McNeill v. R. R.,* 117 N. C., 642, 23 S. E., 268.

The same parties were before us on another point in *Edwards v. Perry,* 206 N. C., 474.

Affirmed.