STATE v. ERNEST B. STAMEY AND CLYDE WOODS.

(Filed 26 February, 1936.)

**1. Criminal Law F a—**

Defendants failing to plead former jeopardy and to offer support-
ing evidence thereon, waive their rights to have the question of former
jeopardy adjudicated.

**2. Criminal Law L g—Held: Petitioners failed to preserve their rights to
have rights adjudicated and certiorari was improvidently granted.**

One of defendants appealed from conviction, and the judgment of
the lower court was reversed, the Supreme Court holding that the de-
fendant was entitled to a hearing upon his plea of former jeopardy.
Thereupon a writ of *certiorari* in the nature of a writ of error was
allowed as to the other defendants. Upon return of the writ it
appeared that such other defendants failed to preserve their rights to
have the question of former jeopardy adjudicated. *Held:* The petition
for *certiorari* must be dismissed, it appearing that the writ was im-
providently granted.

PETITION by Ernest B. Stamey and Clyde Woods for *certiorari,* filed
originally in the Supreme Court, and granted at the Fall Term, 1935.

*Attorney-General Seawell and Assistant Attorney-General McMullan
for the State.*
*Marvin L. Ritch for defendants.*

STACY, C. J. The petitioners were tried with Robert Bell at the
April Term, 1933, Macon Superior Court, upon an indictment charging
them, in one count, with conspiracy to murder George Dryman, and,
in a second count, with the murder of the said George Dryman.

Robert Bell entered a plea of former jeopardy and offered to show
that at the same term of court he had been tried and acquitted on a bill
charging him and his codefendants, in one count, with conspiracy to
burglarize the home of George Dryman, and, in a second count, with
burglariously robbing said home. The court ruled that this plea was not
good and declined to hear his evidence offered in support thereof. On
appeal, the ruling of the trial court was held for error, as the charge of
murder grew out of the burglary. *S. v. Bell,* 205 N. C., 225, 175
S. E., 50.

Following the decision in *Bell's case, supra,* the petitioners, who did
not appeal from the judgments entered against them, were thought to
be entitled to similar treatment. Hence, the application for *certiorari*

in the nature of a writ of error was allowed on authority of *S. v. Lawrence,* 81 N. C., 522, and *S. v. Green,* 85 N. C., 600.

However, it is shown by the record now before us that the petitioners, Stamey and Woods, did not properly enter pleas of former jeopardy, or offer evidence to support such pleas, or preserve their rights to have the question presented as their codefendant Bell did. *S. v. Ellsworth,* 131 N. C., 773, 42 S. E., 699; *S. v. King,* 195 N. C., 621, 143 S. E., 140. Unlike Bell, they were convicted on the burglary charge. Their defense, on the second trial, was an alibi, and they offered many witnesses to show that they were elsewhere at the time the murder is alleged to have been committed. *S. v. Steen,* 185 N. C., 768, 117 S. E., 793.

Thus, it appears from the return to the *certiorari* that the writ was improvidently granted. It will be dismissed.

Petition dismissed.