STATE v. MARTIN MOORE.

(Filed 25 November, 1936.)

1. **Criminal Law L a—**

   The right of appeal must be exercised in accordance with the established rules and procedure governing appeals.

2. **Criminal Law L b—Appellant failing to file case on appeal within time prescribed loses right to appeal in absence of extension or waiver.**

   Where a defendant fails to file his statement of case on appeal within the time allowed, and fails to make application for extension of time or for waiver of failure to file within the time prescribed, defendant loses his right to bring up the "case on appeal," and the purported case on appeal filed after expiration of the prescribed time is properly stricken from the files by the trial judge, on motion of the solicitor.

STATE *v.* MOORE.

**3. Same—**

Both the statement of case on appeal and exceptions and countercase must be filed within the time allowed or extension of time granted in order to be effective.

**4. Criminal Law L c—To obtain writ of certiorari, applicant must negative laches and show merit.**

Where an application for writ of *certiorari* in the nature of a writ of error is made for the purpose of bringing up an appeal when the right of appeal is lost in the trial court by failure to file statement of case on appeal within the time allowed (N. C. Constitution, Art. IV, sec. 8), applicant must negative laches and show merit.

**5. Criminal Law G 1—**

Voluntary confessions are admissible in evidence against the party making them; involuntary confessions are inadmissible, and a confession is voluntary in law when, and only when, it is in fact voluntarily made.

**6. Same—**

When a prior confession is obtained under circumstances rendering it involuntary, a subsequent confession is presumed to flow from the same vitiating circumstances, but the presumption is rebuttable, and it is for the court to determine from the evidence whether the later confession is competent as being in fact voluntary.

**7. Same—Evidence held to support court's ruling that second confession was voluntary and competent, although prior confession was incompetent.**

It appeared that defendant's first confession made to the sheriff was excluded as incompetent because of the promise of the sheriff to tell the trial judge and that "maybe it would help" defendant. Thereafter defendant made another confession to the psychiatrist examining him, and defendant himself testified that the psychiatrist offered no reward, and did not threaten him, but that defendant was scared that if he did not tell the psychiatrist the same thing he told the sheriff, the sheriff would not keep his promise to help him. *Held:* The evidence was sufficient to support the court's finding that the second confession was competent as being voluntary, and the court's ruling is conclusive, since it is supported by the evidence.

**8. Criminal Law L c—Record filed by defendant held not to show merit, and motion for certiorari is disallowed.**

On defendant's motion for *certiorari* in the nature of a writ of error it appeared from the *ex parte* case on appeal made up by defendant and filed in the Supreme Court as the basis of his motion that the sole assignment of error was to the admission of the confession of defendant in evidence, and the case on appeal so filed showed that there was no error of law in the court's ruling that the confession was competent as being voluntarily made. *Held:* Motion for *certiorari* must be disallowed for failure to show merit, and the question of laches on the part of defendant need not be considered.

APPEAL by defendant from *Phillips, J.,* at August Term, 1936, of BUNCOMBE.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Helen Clevenger.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation..

Defendant appeals.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Sanford W. Brown for defendant.*

STACY, C. J. The chronology of this case is as follows:

1. The defendant was tried, convicted of murder in the first degree, and sentenced to death at the August Term, 1936, of Buncombe Superior Court, which convened 17 August and adjourned 22 August.

2. Notice of appeal was duly given in open court, and the defendant allowed 45 days to prepare and serve his statement of case on appeal. The solicitor was allowed 30 days thereafter to file exceptions or serve countercase.

3. The appeal was due to be heard at the next succeeding term of this Court following the trial in the Superior Court, which was the present Fall Term as it commenced 31 August. *S. v. Trull,* 169 N. C., 363, 85 S. E., 133; *Pentuff v. Park,* 195 N. C., 609, 143 S. E., 139.

4. On 9 September, at the call of the docket from the Nineteenth District, the district to which the case belongs, it appearing that nothing had been done to perfect the appeal, the Attorney-General lodged a motion to docket and dismiss the defendant's appeal under Rule 17. This motion was held in abeyance. *S. v. Moore, ante,* 459.

5. On the following day, 10 September, the defendant filed a counter-motion for *certiorari* to preserve his right of appeal or to have the case brought up and heard on appeal. This motion was allowed and the case set for hearing at the end of the Seventh District. *S. v. Moore, supra.*

6. The time for serving defendant's statement of case on appeal expired 6 October. *S. v. Moore, supra.*

7. Return to the writ of *certiorari* was made by the clerk of the Superior Court of Buncombe County on 15 October, in which he certifies "that the time designated by the trial judge and given to the defendant to make up and serve his case on appeal to the Supreme Court has expired, and that the said defendant has not made up or caused to be made up a case on appeal to the Supreme Court, or filed the same in this office; and I further certify that there has been no enlargement or

extension of time for making up and serving the defendant's case on appeal to the Supreme Court."

8. Thereafter, on 20 October, the defendant served on the solicitor of the district his purported statement of case on appeal.

9. The solicitor excepted to the statement on the dual ground of inaccuracy and untimeliness of serving—fourteen days after time for service had expired—and motion was lodged before the trial judge to strike said purported statement from the file of the papers in the case. This motion was allowed 26 October under authority of *Edwards v. Perry,* 208 N. C., 252, 179 S. E., 892; *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398; *Hicks v. Westbrook,* 121 N. C., 131, 28 S. E., 188; and *S. v. Ray,* 206 N. C., 736, 175 S. E., 109.

10. Upon the call of the case at the end of the Seventh District on 6 November, the record proper and the return to the writ of *certiorari* was all that properly appeared on the docket. No case was before the Court for argument, albeit the defendant had sent up his purported statement of case on appeal, accompanied by brief. The State moved to affirm the judgment, as there is no error apparent on the face of the record.

11. In a second application, filed 12 November, the defendant again invokes the aid of the Court, and seeks to have the case reviewed on *"certiorari* in the nature of a writ of error" under authority of *S. v. Stamey,* 209 N. C., 581, 183 S. E., 736; *S. v. Tripp,* 168 N. C., 150, 83 S. E., 630; *S. v. Lawrence,* 81 N. C., 522; *S. v. Green,* 85 N. C., 600; *S. v. McGimsey,* 80 N. C., 377; *S. v. Jefferson,* 66 N. C., 309; *Ex parte Biggs,* 64 N. C., 202; *Brooks v. Morgan,* 27 N. C., 481.

The unlimited right of appeal, which for all practical purposes obtains in this jurisdiction (*habeas corpus* excepted), carries with it the necessity of conforming to the established rules of procedure, when such right is sought to be exercised. *Mimms v. R. R.,* 183 N. C., 436, 111 S. E., 778. Indeed, it was said in *S. v. Butner,* 185 N. C., 731, 117 S. E., 163, that "an appeal is not a matter of absolute right, but conditioned upon the observance of the requirements for presenting the appeal in this Court."

It is apparent from the foregoing chronology that the defendant has twice lost his right to bring up the "case on appeal," first on 9 September, and again on 6 October. It was preserved to him the first time because our rules alone were involved, which were relaxed in his favor, but we are powerless to save him from the second default. No application was made to the solicitor for an extension of time before it expired, nor to waive it afterwards, and defendant's purported statement of case on appeal was ordered stricken from the files by the trial judge. The right to bring up the "case on appeal" is gone. *S. v. Allen,* 208 N. C.,

STATE v. MOORE.

672, 182 S. E., 140; *Edwards v. Perry, supra; Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

It is axiomatic among those engaged in appellate practice that a "statement of case on appeal not served in time" may be disregarded or treated as a nullity. *Edwards v. Perry, supra; Hicks v. Westbrook,* 121 N. C., 131, 28 S. E., 188; *Hardee v. Timberlake,* 159 N. C., 552, 75 S. E., 799; *Guano Co. v. Hicks,* 120 N. C., 29, 26 S. E., 650; *Peebles v. Braswell,* 107 N. C., 68, 12 S. E., 44; *Simmons v. Andrews,* 106 N. C., 201, 10 S. E., 1052; *Mfg. Co. v. Simmons,* 97 N. C., 89, 1 S. E., 923. The same rule applies to appellee's exceptions or countercase when served too late. *S. v. Ray, supra; Smith v. Smith,* 199 N. C., 463, 154 S. E., 737; *Cummings v. Hoffman,* 113 N. C., 267, 18 S. E., 170. It was held in *S. v. Humphrey,* 186 N. C., 533, 120 S. E., 85, that the trial judge was without authority to change appellant's case, though regarded by him as erroneous, when appellee's exceptions were not served in time. To like effect is the decision in *S. v. Ray, supra.* Of course, where there is a controversy as to the time of service, "that's a difference matter," as the late *Justice Brogden* was wont to quote his Durham friend of French descent and accent. *Smith v. Smith, supra; Holloman v. Holloman,* 172 N. C., 835, 90 S. E., 10. Here, there is no such controversy. The facts are admitted.

In appellate matters, as in others, "There's a time for all things." *Comedy of Errors,* Act II, Sc. 2, L. 66.

Conceding that his right to have the case brought up and heard on appeal has been lost, the defendant invokes the supervisory power of the Court under Art. IV, sec. 8, of the Constitution, which provides that "The Supreme Court . . . shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts."

It is suggested by the Attorney-General that, under this provision, writs are issuable only to determine the sufficiency of the proceedings as they appear of record. *S. v. Tripp, supra; S. v. Webb,* 155 N. C., 426, 70 S. E., 1064; *King v. Taylor,* 188 N. C., 450, 124 S. E., 751.

Speaking to the matter in *Ex parte Biggs,* 64 N. C., 202, *Pearson, C. J.,* delivering the opinion of the Court, said: "The writ of *certiorari* is used for two purposes: *One,* as a substitute for an appeal, where the opportunity for bringing up the matter by appeal is lost without laches. . . . *The other* is where the writ of *certiorari* is in the nature of a writ of error, and it is used where the writ of error proper does not lie. *Brooks v. Morgan,* 27 N. C., 481; *Comrs. v. Kane,* 47 N. C., 288. By this writ only the record proper is brought up for review, and no *postea* or *case* is to be made up."

STATE *v.* MOORE.

And in *S. v. Stamey, supra,* where the scope of the writ was apparently enlarged (*S. v. Tripp, supra*), it was said upon the return to the *certiorari* that "the writ was improvidently granted."

Without making definite ruling on the question of power, or the appropriateness of defendant's application for *"certiorari* in the nature of a writ of error," we proceed to a consideration of the application itself.

In *S. v. Angel,* 194 N. C., 715, 140 S. E., 727, it is said: *"Certiorari* is a discretionary writ, to be issued only for good or sufficient cause shown, and the party seeking it is required, not only to negative laches on his part in prosecuting the appeal, but also to show merit or that he has reasonable grounds for asking that the case be brought up and reviewed on appeal. Simply because a party has not appealed, or has lost his right of appeal, even through no fault of his own, is not sufficient to entitle him to a *certiorari.* 'A party is entitled to a writ of *certiorari* when—and only when—the failure to perfect the appeal is due to some error or act of the court or its officers, and not any fault or neglect of the party or his agent.' *Womble v. Gin Co., supra.* Two things, therefore, should be made to appear on application for *certiorari:* First, diligence in prosecuting the appeal, except in cases where no appeal lies, when freedom from laches in applying for the writ should be shown; and, second, merit, or that probable error was committed on the hearing. *S. v. Farmer,* 188 N. C., 243, 124 S. E., 562."

To obtain the writ, then, the applicant must (1) negative laches, and (2) show merit. The first requirement is sought to be met in the petition, while the second is omitted. However, passing for the moment the question of laches, we go to the defendant's *ex parte* statement of case on appeal, filed in this Court as noted in paragraph 10 above, to see if, by any chance, he could probably make a showing of merit. In this, he sets out but a single nonexceptive assignment of error: "The court erred in the following ruling: 'The court having heard all the evidence introduced by the State and the defendant, including that of the defendant himself, finds as a fact that the statements made by the defendant to the witness, Dr. Griffin, in the presence of the witness, Mr. Bridgewater, were made without fear or compulsion, reward or hope of reward, and are admissible in evidence.' "

It appears that a prior confession, made to the sheriff of the county on 8 August, had been excluded for involuntariness, *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643; *S. v. Livingston,* 202 N. C., 809, 164 S. E., 337, and it is the contention of the defendant that his subsequent confession, made to Dr. Griffin on 12 or 13 August, should likewise have been excluded upon the presumption that it, too, had been made under the same influence or inducement. *S. v. Drake,* 113 N. C., 624, 18 S. E., 166.

The confession made to the sheriff is alleged to have been induced by the promise that if the defendant would tell him the truth, he, the sheriff, "would tell the judge that he did tell the truth about it, and possibly it might help him." *S. v. Anderson, supra; S. v. Livingston, supra.* Quære: Did such promise perforce render the confession involuntary? *S. v. Myers,* 202 N. C., 351, 162 S. E., 764; *S. v. Harrison,* 115 N. C., 706, 20 S. E., 175; 16 C. J., 721.

Voluntary confessions are admissible in evidence against the party making them; involuntary confessions are not. A confession is voluntary in law when—and only when—it was in fact voluntarily made. *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Newsome,* 195 N. C., 552, 143 S. E., 187.

During the week preceding the trial, Dr. Mark Griffin, a psychiatrist, was requested by the solicitor to examine the defendant and report on his mental condition. It was during this examination that the defendant made the confession in question. The defendant himself says: "Dr. Griffin did not threaten me. He didn't offer me any reward. . . . I thought the sheriff sent him up there, and I was still scared for fear that if I didn't tell him what I told the sheriff, the sheriff wouldn't keep his promise to help me. . . . I was not scared of Dr. Griffin. He treated me nice. Mr. Bridgewater didn't threaten me. I was not afraid of him." *S. v. Bohanon,* 142 N. C., 695, 55 S. E., 797.

It is true that where a confession has been obtained under circumstances rendering it involuntary, a presumption arises which imputes the same prior influence to any subsequent confession, and this presumption must be overcome before the subsequent confession can be received in evidence. *S. v. Drake,* 82 N. C., 592; *S. v. Lowhorne,* 66 N. C., 638; *S. v. Roberts,* 12 N. C., 259.

On the other hand, it is equally well established that although a confession may have been obtained by such means as would exclude it, a subsequent confession of the same or like facts may and should be admitted, if it appear to the court, from the length of time intervening or from other facts in evidence, the prior influence had been removed at the time of the subsequent confession. *S. v. Lowry,* 170 N. C., 730, 87 S. E., 62; *S. v. Fisher,* 51 N. C., 478; *S. v. Scates,* 50 N. C., 420; *S. v. Gregory, ibid.,* 315; 16 C. J., 722.

In this jurisdiction, the competency of a confession is a preliminary question for the trial court, *S. v. Andrew,* 61 N. C., 205, to be determined in the manner pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603. The court's ruling thereon will not be disturbed, if supported by any competent evidence. *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411; *S. v. Christy,* 170 N. C., 772, 87 S. E., 499; *S. v. Page,* 127 N. C., 512, 37 S. E., 66; *S. v. Gosnell, supra.*

In other words, to state it compendiously, the presumption that a subsequent confession was brought about by the same controlling influence which induced a prior one is subject to be rebutted, and whether it is still active or has spent its force is a question of fact for the trial court in determining the competency of the later confession. *S. v. Stefanoff, supra; S. v. Drake,* 113 N. C., 624, 18 S. E., 166; *S. v. Lowhorne, supra.*

A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, but a confession wrung from the mind by the flattery of hope, or by the torture of fear, comes in such questionable shape as to merit no consideration. *S. v. Patrick,* 48 N. C., 443. "Confessions are to be taken as *prima facie* voluntary, and admissible in evidence, unless the party against whom they are offered allege and show facts authorizing a legal inference to the contrary"—*Dillard, J.,* in *S. v. Sanders,* 84 N. C., 729. See, also, *S. v. Grier,* 203 N. C., 586, 166 S. E., 595.

It appears from the defendant's *ex parte* statement that the trial court heard evidence *pro* and *con* on the alleged involuntariness of the confession in question, found that it was made freely and voluntarily, and ruled it admissible. This ruling is supported by the evidence set out in defendant's statement. *S. v. Gray,* 192 N. C., 594, 135 S. E., 535. Indeed, it may be doubted whether the defendant himself more than feebly testifies to the contrary as a matter of fact. His principal reliance is upon the presumption arising from the prior involuntary confession. This is amply refuted by the State's evidence as detailed in defendant's purported statement of the case.

So, after giving the defendant the benefit of all and perhaps more than he could hope to obtain from the issuance of the writ he seeks, we conclude that his second application should be denied. *In re Snelgrove,* 208 N. C., 670, 182 S. E., 335. On his own showing, his efforts must ultimately end in failure. It would serve no useful purpose to execute a fruitless run around. To avoid such performance is the reason for requiring the appearance of probable error. *Lex nil facit frustra,* "The law does nothing in vain." The defendant neither alleges nor shows merit, and we refrain from again discussing the question of laches. *S. v. Moore, supra.*

The motion to affirm will be allowed.

*Certiorari* disallowed.

Judgment affirmed.