STATE v. ROBERT WILLIAMS, ALIAS ROBERT McNAIR.

(Filed 3 January, 1940.)

**Criminal Law § 80—Appeal dismissed for failure of defendant to file statement of case on appeal within the time allowed.**

Where the record contains no entry of appeal, although defendant was allowed to appeal *in forma pauperis*, and the clerk certifies that no case on appeal has been filed and that defendant's counsel state that they do not intend to enter appeal or perfect same, and that the time for filing case on appeal has expired, the motion of the Attorney-General to docket and dismiss will be allowed, but when defendant has been convicted of a

capital felony this will be done only after an inspection of the record fails to disclose any apparent error. Rule of Practice in the Supreme Court, No. 17.

MOTION by State to docket and dismiss appeal.

*Attorney-General McMullan for the State.*

STACY, C. J. At the March Term, 1939, Cumberland Superior Court, the defendant herein, Robert Williams, *alias* Robert McNair, was tried upon indictment charging him with rape, which resulted in a conviction of the capital offense and sentence of death as the law commands on such verdict.

From the judgment thus entered, the defendant was allowed to appeal *in forma pauperis.* However, the record contains no entry of appeal, *Mfg. Co. v. Simmons,* 97 N. C., 89, 1 S. E., 923, and the clerk certifies that no case on appeal has been filed in his office and that the time for filing same has expired. He further states in his certificate, "I have inquired of defendant's counsel and they state that they do not intend to enter appeal or perfect an appeal." *S. v. Stovall,* 214 N. C., 695, 200 S. E., 426.

In the absence of any apparent error, which the record now before us fails to disclose, the motion of the Attorney-General to docket and dismiss under Rule 17 will be allowed. *S. v. Moore, ante,* 543.

Judgment affirmed. Appeal dismissed.