STATE v. BILL JONES, W. F. STANLEY AND M. J. BOVE.

(Filed 6 June, 1945.)

**1. Appeal and Error §§ 18a, 31c—**

Where appellant fails to file his case on appeal fourteen days before the call of the district to which it belongs, he may apply for *certiorari* to preserve his right of appeal and appellees' motion filed thereafter to docket and dismiss under Rule 17 will be denied.

**2. Appeal and Error § 40a—**

Upon the trial of three defendants for unlawful possession and transportation of intoxicating liquor, seized at the home of the first defendant, who with the second defendant was found guilty on both counts, while the third defendant was found to be the owner of the liquor but not guilty, an order of forfeiture being entered by the court in all three cases, upon hearing on appeal by third defendant from order of forfeiture, preserved by *certiorari*, the only exception being to the judgment of forfeiture and refusal to sign judgment of restoration, no errors appearing on the face of the record, the judgment of forfeiture is affirmed.

**3. Intoxicating Liquor § 8—**

An alleged invalidity of a search warrant is of no avail to appellant, the owner of intoxicating liquor, on his challenge to an order of forfeiture, since his codefendants, who had possession of the intoxicating liquor, did not appeal from their convictions, and appellant was acquitted of the criminal charge.

APPEAL by M. J. Bove from *Stevens, J.,* at January Term, 1945, of LENOIR.

The defendants, Bill Jones, W. F. Stanley and M. J. Bove, were indicted separately, and by consent, tried together in the municipal-county court of Kinston and Lenoir County on warrants charging them with the unlawful possession and transportation of 288 cases of intoxicating liquor. Jones was adjudged guilty of the unlawful possession of the 288 cases; Stanley was found guilty of the unlawful possession and transportation of the 288 cases; and Bove was declared not guilty.

M. J. Bove was found to be the owner of the liquor, all of which had been seized at the home of Bill Jones.

An order of forfeiture was entered in the consolidated cases, from which the defendant Bove appealed to the Superior Court of Lenoir County. No appeal was taken by the other defendants.

On the hearing in the Superior Court the order of forfeiture was affirmed; and the seized liquor was directed to be turned over to the commissioners of Lenoir County for disposition as provided by G. S., 18-13.

STATE *v.* BRITT.

M. J. Bove gave notice of appeal, but failed to file the same in this Court on or before 13 March, 1945 (fourteen days before the call of the district to which the case belongs). It was filed 15 March. Two days later, the appellees filed motion to docket and dismiss under Rule 17, and appellant applied *for certiorari* to preserve the appeal.

Appellees' motion was denied under authority of what was said in *Bell v. Nivens, ante,* 35, and appellant's application was allowed under the same authority and *S. v. Moore,* 210 N. C., 459, 187 S. E., 586.

*Allen & Allen, John G. Dawson, and Raymond S. Norris for appellant.*
*Charles F. Rouse and Thomas J. White for appellee.*

STACY, C. J. The case is here on the record proper in response to *certiorari* which was issued at the instance of appellant to preserve his right of appeal. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713; *Hicks v. Westbrook,* 121 N. C., 131, 28 S. E., 188. The only exception is to the "judgment (of forfeiture) as set out in the record" and the failure to sign judgment of restoration as prayed. *Smith v. Smith,* 223 N. C., 433, 27 S. E. (2d), 137; *Cooper v. Cooper,* 221 N. C., 124, 19 S. E. (2d), 237; *Holding v. Daniel,* 217 N. C., 473, 8 S. E. (2d), 249.

The alleged invalidity of the search warrant is of no avail to the appellant on his challenge to the order of forfeiture, since the defendants, Jones and Stanley, who had possession of the liquor, have not appealed from their convictions, and the appellant was acquitted on the criminal charge. *S. v. Wallace,* 162 N. C., 622, 78 S. E., 1. In addition, there is no exceptive assignment of error addressed to the point.

No error appears on the face of the record as filed in this Court. *Edwards v. Perry,* 208 N. C., 252, 179 S. E., 892; *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. Hence the judgment of forfeiture will be upheld. *S. v. Hall,* 224 N. C., 314, 30 S. E. (2d), 158.

Affirmed.